# Reynolds *v.* The State.

*Indictment for Violation of Local Prohibitory Law.*

1.   *Local prohibitory law construed; what act not prohibited.*—Under the provisions of the statute, approved February 26th, 1881 (Pamph. Acts, 1880--1, p. 171), making it unlawful for any person " to make, sell, or otherwise dispose of any spirituous or malt liquors, or other intoxicating drinks," within the counties of Dale and Henry, in this State, a conviction can not be had on proof that the defendant, at his own residence, in one of the counties named in the statute, gave to another two or more drinks of spirituous liquor.

APPEAL from Dale Circuit Court.
Tried before Hon. H. D. CLAYTON.
The facts are stated in the opinion.

J. M. CARMICHAEL, for apppellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—By statute approved February 26th, 1881—Pamph. Acts, 171—it was made " unlawful for any person or persons, (except upon the written prescription herein provided for), to make, sell, or otherwise dispose of any spirituous or malt liquors, or other intoxicating drinks, within the counties of Dale and Henry, State of Alabama."   No point arises in this case on the question of a written prescription.   The defendant was indicted and convicted under this statute.   The testimony was, that the defendant, at his private residence in Dale county, gave to one W. H. S. two or more drinks of spirituous liquor, to-wit, whiskey.   The presiding judge in-

structed the jury that this constituted a disposing of the spirituous liquor within the statute.

The words of a statute are to be understood in their popular signification, when nothing appears to the contrary.—*Mayor, etc. v. Winter*, 29 Ala. 651; *Thurman v. The State*, 18 Ala. 276; *Favers v. Glass*, 22 Ala. 621. To dispose of, in popular sense, when used in reference to property, means to part with the right to, or ownership of it; in other words, a change of property. If this does not take place, it would scarcely be said the property is disposed of. That would not be the popular sense in which those words are employed. Taking a glass of spirits or wine with a friend or visitor, in one's own residence, is one of the forms in which hospitality not infrequently shows itself. We are not dealing with the morality, or hurtfulness of the custom. That is not a judicial question. We are endeavoring to arrive at the intention of the law-making power. In this (possibly injurious) act of hospitality, we apprehend no one would entertain the thought of a change of property, or ownership—that he was thereby "disposing of" the article thus used and consumed. Quite as appropriate would it be to affirm that the host had disposed of the viands his friend consumed, while enjoying a hospitable dinner with him.

We would not be understood as affirming that no disposition can be made, under the statute we are construing, except by bargain and sale. A gift, consummated by delivery, works as complete a change of property or ownership, as does a sale on valuable consideration. What we declare is, that the act, shown in the evidence in this cause, was not a disposing of the liquor, within the contemplation of the legislature.

During the same session of the legislature at which the statute in question was enacted, several other statutes of kindred character received the approval of that body. In some of them we find the same words, "sell, or otherwise dispose of." Sometimes the language is more express, and inhibits the "giving away" of intoxicating liquors. We do not know that this variance in phraseology changes the meaning, or imposes the duty of a changed interpretation. That question is not now before us.

Reversed and remanded, that the circuit court may dispose of the case in accordance with these views.