PETITION OF SILAS CARR *et al.* for an Opinion of the Court.

A testamentary power of sale does not give power to make partition.
A power to make partition will not be implied from a mere power of sale, because after partition a sale could be more advantageously made.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*Providence, November* 23, 1889. DURFEE, C. J. The case stated shows that John F. Carr, late of New York, deceased, was, when he died, seized and possessed, in common with Silas Carr,

Isaac P. Carr, Eunice Littlefield, George F. Carr, and Stephen G.
Carr, of a large and valuable tract of land in the town of James-
town in this State; that said John F. duly devised his share to his
widow, Annie Carr, one half thereof to her individually, and the
other half to her as trustee for her children; that said Annie and
her cotenants, before named, desire to have said land divided, to
the end that they may hold and enjoy their shares more satisfac-
torily, and that said Annie may be able to sell her part the more
advantageously for herself and her children, agreeably to said
will; that they have agreed to a just and equitable partition,
which, to avoid the expense of a suit in partition, they desire to
carry into effect, but that a question has arisen whether said
Annie has power under the will to agree to the same, and to make
the conveyances necessary to complete it. They ask us to decide
the question; the children, who are minors, having been made
parties by said Annie acting for them as their next friend. The
clauses of the will that bear on the question follow:

"*Second.* It is my wish and direction that my said executrix
shall, and I authorize her to, as soon as she may deem it advisa-
ble, wind up and liquidate my business interests, either at public
or private sale, and on such terms as she may deem proper, and
sell and convert all my property into money, and may make and
execute all necessary or proper transfers thereof.

"*Third.* I give, devise, and bequeath unto my beloved wife,
Annie Carr, one half of all my estate, real and personal, for her
own use and that of her heirs and assigns forever.

"*Fourth.* I give, devise, and bequeath unto my said wife the
other half of all my estate, real and personal, in trust, to convert
the same into money, as hereinbefore provided, and to collect the
rents, profits, and income of said one half until so converted into
money, and when so converted, then to keep the proceeds invested
on good and solvent interest bearing securities, and collect the
interest and income thereof, and apply such rents, profits, income,
and interest to the support, maintenance, and education of our
children." and, as further directed, to divide the said half among
the children equally.

The only power given expressly by the will which can be
claimed to authorize the partition is the power to sell, and the

counsel for the trustee contends that said power does authorize it. He does not cite any case which so decides, but he contends that there is no case to the contrary. *M'Queen* v. *Farquhar*, 11 Ves. Jun. 467, decided by Lord Eldon, A. D. 1806, is, if we understand it, directly to the contrary. Lord St. Leonards, in his treatise on Powers, says that Lord Eldon, in that case, " determined that a power of sale simply does not authorize a partition, whatever a power of exchange may do, and in a much later case he expressed the same opinion." 2 Sugden on Powers, 480. This case has generally been regarded as settling the point. Lewin, Hill, and Perry, in their treatises, say a power to sell simply does not authorize partition, citing *M'Queen* v. *Farquhar* as authority. 1 Lewin on Trusts, *427 ; Hill on Trustees, *475 ; 2 Perry on Trusts, § 769.

In *Brassey* v. *Chalmers*, 16 Beav. 223, power was given to trustees of real estate " to sell and dispose thereof at their discretion," the purchasers not to be required to see to the application of the purchase money. The case was heard before Sir John Romilly, Master of the Rolls. His opinion was that the power was a mere power to sell, the words " dispose thereof " being surplusage, and that it did not authorize partition. The case was one in which the trustees had already concurred in a partition. It was taken by appeal to the High Court of Chancery, and there, at the suggestion of Lord Justice Knight Bruce, a partition suit was brought; and partition was decreed in accordance with the partition previously concurred in by the trustees, the same having been shown to be beneficial to the *cestuis que trustent*. The question was thus evaded, but the marginal note is, " *Semble*, that a devise on trust to sell and dispose of property, consisting partly of an undivided share, does not authorize the trustees to concur in a partition."

In *Phelps* v. *Harris*, 101 U. S. 370, cited by the counsel for the trustee, the question was, whether, under a devise of land to a trustee with power " to dispose of all or any portion of it," the trustee was authorized to concur in a partition. The court, following the court of the state where the land was, held that he was authorized. The ground of decision was, that, while a power " to sell and dispose of " might be construed to be merely a power to sell, a power " to dispose of," without such qualification, might

extend to a disposal by exchange as well as by sale, and, if by exchange, then by partition, which is a species of exchange. " The word," said Mr. Justice Bradley, " is *nomen generalissimum*, and, standing by itself without qualification, has no technical signification. Taking the whole clause in the codicil together, it is equivalent to an authority to dispose of the property as the trustee should deem most for the interest of his children ; and this would include the power to barter or exchange as well as the power to sell." The object was to show that a power to dispose of was broader than a power to sell, it being assumed that a power to sell was insufficient. In *Phelps* v. *Harris*, 51 Miss. 789, the court held that partition, though not authorized by a power to sell, is by a power to exchange. Though long in doubt, it seems now to be settled that a power to exchange does authorize a partition, a partition being in effect an exchange. *In re Frith and Osborne*, L. R. 3 Ch. Div. 618 ; *Doe dem. Knight* v. *Spencer*, 2 Exch. Rep. 752 ; *Phelps* v. *Harris*, 101 U. S. 370, 377. But it has been held that a power to sell does not authorize an exchange. 2 Perry on Trusts, § 769 ; *Ringgold* v. *Ringgold*, 1 H. & Gill, 11 ; *Taylor* v. *Galloway*, 1 Ohio, 232.

The counsel for the trustee calls our attention to the fact that the language, in which the power to sell is conferred, makes it the duty of the trustee to sell, and contends that, this being so, she has power to join in making partition, because she can sell to better advantage after partition is made. If it were necessary to make partition in order to sell, doubtless a power to make it might be implied, but we are not satisfied that it can be implied simply because it may be advantageous. The same argument was urged in *Brassey* v. *Chalmers*, 16 Beav. 223, but the Master of the Rolls was of opinion that the power was not implied, and could not be imported into the will by construction.

The counsel for the trustee contends that, under her power of sale, she and her cotenants can make partition, by her selling to them her interest in the part which goes to them under their agreement, and purchasing their interest in the part which comes to her, and that, if she can so make partition indirectly, she can do it directly in the usual way. The mode was suggested by Lord Rossyln, A. D. 1793, in *Abel* v. *Heathcote*, 2 Ves. Jun. 101, though

there the power was not simply to sell, but to sell or exchange. It has never since then been decided that a power to sell will authorize partition directly as such, though the point has been urged. *Brassey* v. *Chalmers, supra. Attorney General* v. *Hamilton*, 1 Madd. 214, 223. We do not think it follows, because the same result can be reached circuitously by one power, and directly by another which is entirely different, that, if the former power be given, the latter may be used. It will be observed, too, that the trustee, in order to effect partition in the mode suggested, has to purchase as well as to sell, and the will gives her power, not to purchase real estate, but only to sell and invest the proceeds in good interest bearing securities. We do not think the argument can prevail.

It has been argued in some of the cases that the cotenants can enforce partition against the trustee by suit, and that she should have power to do voluntarily what she can be compelled to do. But the partition which is made in a partition suit is the work of the law. The argument has not prevailed. The trust attaches to the trustee's undivided share in every part of the trust estate, and, according to the authorities, can only be transferred or converted by the exercise of some power conferred upon the trustee.

Our opinion is, that Annie Carr has not power under the will to join with the cotenants in voluntarily executing the partition agreed upon between them. *Order accordingly.*

*Darius Baker*, for Annie Carr and children.

*Francis B. Peckham & Charles A. Ives*, for the other petitioners.