# Roberson *v.* The State.

*Prosecution for Violation of Local Prohibition Law.*

1. *Construction of Prohibition Statute.*—Under the Statute (Acts 1880 81, p. 148) making unlawful the "selling, giving away, or otherwise disposing of" liquor without a license, a sale imports a transfer of the property upon a valuable consideration, and a gift a transfer of it, gratuitously or upon a good, as contradistinguished from a valuable, consideration ;" and the words "otherwise dispose of," a larger legislative intention not being clearly expressed, must be construed as extending to a disposition *ejusdem generis* with a sale or gift, and are not to be extended to any and every act which may be said to be a disposition.

2. *Same.*—Where the defendant kept a barber shop within the prohibition district, and kept whiskey there belonging to his customers, for their convenience, to come and drink when they chose, and he allowed others to come to his shop and ask for whiskey, when he would tell them he had none, but that there was whiskey of other customers in a box, and those calling for it, would, with the knowledge of de-

[Roberson v. The State.]

fendant, and without any dissent from him, help themselves; that is an illegal disposition of the whiskey, within the meaning of the Statute, although the defendant had no pecuniary interest in the liquor.

3. *Abstract and Misleading Charges.*--It is not error for the court to refuse charges asked by the defendant, which are abstract, or misleading in hypothesizing facts not in evidence, or which ignore phases of the evidence that tend to show the defendant's guilt.

FROM Shelby County Court.

Tried before the Hon. JOHN S. LEEPER.

The defendant was prosecuted before a jury in the County Court on a charge of "selling, giving away or otherwise disposing of spirituous, vinous or malt liquors, without a license, and contrary to law." The facts and proceedings sufficiently appear from the opinion of the court except the charges, requested by the defendant and refused by the court, which are as follows:

1. If the jury believe the evidence they will find the defendant not guilty.

2. If the jury believe from the evidence that Ed Roberson neither sold nor gave, or otherwise disposed of, to Tinney any liquor, but simply told him where Shortey had left his liquor in Ed's shop, and Tinney got some of Shortey's liquor, then this would not make Ed guilty and on this evidence alone the jury should find him not guilty.

3. If the evidence shows that Shortey was engaged in selling liquor illegally and that he came into Ed Roberson's with some whiskey in a bottle and left it there, and afterwards Mr. Tinney came into the shop and Ed Roberson told Mr. Tinney where it was, and this was all the connection that Ed. had with it, then he is not guilty.

4. If the jury believe from the evidence that the whiskey that the witness Tinney got at Ed Roberson's shop was Shortey's whiskey, and that Ed. Roberson had no interest in the sale of it, or in the whiskey, or in the price paid for it, if any was paid, and that he simply informed Tinney where it was, and that Tinney then got some of the liquor, without the assistance of Ed. Roberson, then this would not make him guilty and the jury should find him not guilty.

5. If the evidence only shows that Ed. Roberson only gave an occasional drink of liquor out of his bottle to Mr. Tinney who was at the time a visitor to his shop, then this would not make him guilty and the jury should find him not guilty.

6. If the jury believe from the evidence that the only connection Ed. Roberson had with the whiskey was that the whiskey was in a box in defendant's shop, and that Mr.

[Roberson v. The State.]

Tinney came in and asked defendant if he had any whiskey, and defendant said I have none, but there is some in the box that belongs to other parties, and that Tinney went to the box and poured out a drink and walked out without paying any money to defendant, and if the jury further believe from the evidence that defendant had no interest in the whiskey, then they must find the defendant not guilty."

7. "The court charges the jury that unless it is proved by the evidence that Ed. Roberson had some interest in the whiskey, then they must acquit the defendant.

8. If there is no evidence that defendant owned the whiskey or acted as agent for any one except Tinney, then the jury must acquit defendant.

9. If the evidence only shows that Ed. Roberson occasionally allowed the witness, Tinney, to take a social drink out of his bottle or jug or some other bottle or jug that some one had left in his shop, then this would not make him guilty and the jury should find him not guilty.

10. The court charges the jury that if all that the defendant had to do with the whiskey was to inform the witness, Tinney, that there was some whiskey in a box in defendant's shop, and if they further believe from the evidence that the defendant did not give or sell the whiskey to Tinney, and had no interest in the whiskey, then they must find the defendant not guilty.

11. If the evidence only shows that Ed. Roberson only gave Mr. Tinney an occasional friendly drink out of his bottle or out of some one else's bottle that had been left in his shop, then this would not make him guilty, and the jury should find him not guilty.

12. If the evidence shows that Ed. Roberson only gave Tinney an occasional drink in a friendly way out of his bottle, or some one else's bottle that had been left in his shop, then this would not make him guilty and the jury should find him not guilty.

The refusal of the court to give the foregoing charges presents the only questions reserved for review.

BROWNE, McMILLAN & LEEPER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—The defendant was prosecuted for "selling, giving away or otherwise disposing of spirituous, vinous or malt liquors, without a license and contrary to

law." The proceeding is under a local prohibition law for the town of Columbiana. Acts 1880-1, p. 148.

The evidence in the case does not tend to show that the defendant sold the whiskey, which he is charged with having disposed of; and, if guilty at all, it must be for having given it away, or with having otherwise disposed of it, in a manner not allowed by law. A sale imports a transfer of the property upon a valuable consideration; and a gift, a transfer of it, gratuitously, or upon a good, as contradistinguished from a valuable consideration. "The more general words, '*or otherwise disposed of*,' (as used in this statute) following the more specific or particular words, '*sell or give away*,' upon a settled rule of statutory construction,—a larger legislative intention not being clearly expressed,—must be construed as extending only to a disposition *ejusdem generis* with a sale or gift. They are not to be extended to any and every act which may be said to be a disposition."—*Amos v. The State*, 73 Ala. 498; *Reynolds v. The State, Ib.* 3. Whether or not the liquor was given away by defendant, or whether his disposition of it, if he made any, was unlawful, was a matter for the determination of the jury from all the evidence, under proper instructions from the court. We can not say there was no evidence tending to show that defendant gave the whiskey, or disposed of it unlawfully, to Joe Tinney. Tinney testified, that going to defendant's barber shop, he asked him, if he had any whiskey, to which defendant replied, he did not, but there was some in a box, there, in the shop, which belonged to some other parties; that he then told defendant, if the whiskey did not belong to him, he would take a drink, and did so, put the bottle back in the box and walked out, without saying any thing more, or paying anything to defendant for the drink; that he had several times before, gone into defendant's shop to be shaved and had gone to this same box, in which there was a bottle of whiskey from which he would take a drink, without saying anything to defendant about it; that the box was a small one, that defendant used as a waste-basket. On this evidence, inferences of defendant's guilt might fairly have been drawn. The procedure favors a device, on the part of defendant, to evade the law, in treating those with a drink who favored him with their patronage, and it requires considerable explanation and protestation of innocence, to keep one from so believing. It was improper, therefore, to give the general charge, as requested by defendant.—*Coker v. The State*, 91 Ala. 92.

[Roberson v. The State.]

The defendant's account of the transaction was, that when Tinney came and asked for the whiskey, he told him he had none ; that there was some there in a box that belonged to other parties, and Tinney replied, that it was all right, if it was not his, he would take a drink; that Tinney went to the box, but he did not know whether he got the whiskey or not ; that different persons, his customers, left their whiskey in his shop, but that he had never sold, given or otherwise disposed of any whiskey to Tinney ; that the whiskey belonged to one Shortey, who was sitting behind the door in his shop at the time.

If the defendant kept the whiskey of his customers in his barber shop, for their convenience to come and drink when they chose, and he allowed others of his customers to come, and ask for whiskey, and he would tell them he had none, but there, in a box, was the whiskey of these other customers, and those calling for it would, with the knowledge of the defendant, without any dissent from him, help themselves, this would be an illegal disposition of it,—even if defendant had no pecuniary interest or ownership in it,—such as would amount to an evasion and violation of the law.   This barber shop was a public house within the prohibition district, and in it, unlike at a man's private dwelling, in social life, the owner can not sell, give away or otherwise dispose of, spirituous liquors, in the manner condemned by the statute, not even to the extent of a drink.—*Baine v. The State*, 61 Ala. 75; *Reynolds v. The State*, 73 Ala. *supra.*

The evidence tends to show, that the whiskey drank by Tinney belonged to Shortey, who was in the barber shop at the time it was pointed out to Tinney by defendant, and it does not show that Shortey claimed the whiskey, or said or did any thing to indicate that he owned or controlled it, and defendant said nothing, himself, to Shortey, but pointed it out to Tinney, and, there is no evidence that Shortey was engaged in the illicit sale of liquor.

The charges asked and refused, are either abstract and misleading, in hypothesizing facts not in evidence, or they ignore all those phases of the evidence, which tend to show, that the whiskey was deposited in defendant's barber shop with his knowledge and consent, and that he assumed the control and disposition of it to his customers, other than those to whom it is said to have belonged, when they came and asked for it, and that they drank it with his knowledge and consent, and without any protest from him, or in this particular instance, from Shortey, who was present when Tinney called for a drink, and were properly refused.

Affirmed.