### 1855.  SCOTT *v.* THE STATE.

For a cropper to carry a portion of the crop raised by him from one county to another in this State is not a disposition of it in violation of section 680 of the Penal Code of 1895.

Indictment for misdemeanor, from Cobb superior court—Judge Morris.  April 3, 1909.

Argued May 18,—Decided June 15, 1909.

*W. A. James,* for plaintiff in error.

*J. P. Brooke, solicitor-general, J. E. Mozley,* contra.

POWELL, J. The defendant was convicted of violating section 680 of the Penal Code, which provides that "Any cropper who shall sell or otherwise dispose of any part of the crop grown by him, without the consent of the landlord, and before the landlord has received his part of the entire crop and payment in full for all advances made to the cropper in the year the crop was raised, to aid in making it, shall be guilty of a misdemeanor." The proof was that the defendant, a cropper of the prosecutor, had turned over to the landlord a part of the crop, and, while a dispute was pending as to whether any further sum was due, took one of the bales of cotton, which he had raised, and carried it from the premises in Cobb county, across the line into Douglas county, where he then lived and where he still holds the cotton. The judge charged the jury as follows: "If you believe from the evidence beyond a reasonable doubt that this defendant, Sam Scott, was the cropper of the prosecutor, for the year charged in the bill of indictment, and raised a crop on his farm as charged, and then took and carried one bale of the cotton thus raised out of Cobb county, without the knowledge or consent of the prosecutor, William Hollerman, and before he had paid the prosecutor all he owed him for supplies or advances made him for that year, and also his part of the crop, he would be guilty. The carrying of the bale of cotton out of Cobb county would be such a sale or disposition of the cotton that the courts of this county would have jurisdiction of the crime, if a crime was committed." This charge was given in connection with section 680 of the Penal Code.

We think that the instruction just quoted is erroneous. Certainly to take property from one county into another does not amount to a sale; but the contention of the State's counsel is that the transaction is covered by the words "otherwise dispose of" appearing in the statute and in the indictment against the defendant. Even when standing alone, the phrase "dispose of," when used in a criminal statute, is universally held by the courts to include only those transactions in which there has been a transfer by the defendant of either title or absolute possession of the property, or else some such disposition of it as would destroy it in

whole or in part. "'Dispose of' means 'to alienate; to effectually transfer.'" United States v. Hacker, 73 Fed. 292, 294. It covers "all such alienations of property as may be made in ways not otherwise covered in the statute; for example, such as pledges, pawns, gifts, bailments, and other transfers and alienations." Bullene v. Smith, 73 Mo. 151, 161. "To dispose of," in a popular sense, as used in reference to property, means to part with a right to or ownership of it; in other words, a change of property. If this does not take place, it would scarcely be said the property was disposed of. Reynolds v. State, 73 Ala. 3. See also Franklin v. State, 12 Md. 246, 248. It differs in meaning from the word "secrete." Pearre v. Hawkins, 62 Tex. 434, 437. When it is associated in the context with the word "sell," then, under the principle contained in the legal expression "noscitur a sociis," its meaning takes on some limitation from the association. In re Carr, 16 R. I. 145 (19 Atl. 145, 27 Am. St. R. 773); Phelps v. Harris, 101 U. S. 370 (25 L. ed. 855). See also Hawxhurst v. Rathgeb, 119 Cal. 531, 533 (51 Pac. 846, 63 Am. St. R. 142). Where the expression is "sell or otherwise dispose of," the other disposition must be somewhat in the nature of a sale. It does not include a mere removal of the property. Robinson v. State, 3 Tex. App. 502, 503. In a statute prohibiting "the selling, giving away, or otherwise disposing of" certain property under certain conditions, the expression "otherwise dispose of," in the absence of any expression of a legislative intent otherwise, must be construed to apply only to such a disposition as a sale or gift. Robertson v. State, 100 Ala. 37 (14 So. 554). Our local case of Conley v. State, 85 Ga. 348 (11 S. E. 639), is somewhat in point, though probably distinguishable by reason of the fact that the words as they appear in the body of the statute are limited in meaning by the courts in order that the body of the law may conform to the title. We see no reason why to move property across a county line would be any more criminal than to move it across a public road, or from one place to another within the same county. It might be that for a cropper to move any part of the farm products across the State line would be to dispose of it, as that would be a material interference with the landlord's constructive possession, in that it would destroy his right to resort to those remedies which are provided by the laws of this State for the

maintenance of his peculiar and superior rights in the property; but to move it from one county to another has no such effect.

*Judgment reversed.*