## 6043.   GILBERT *v.* THE STATE.

WADE, J.   1. Proof that a farm tenant placed in pawn, to obtain money from another, a portion of his crop raised on the rented premises, before paying off and discharging his obligations to his landlord for rent and supplies, will not support an indictment (based on sections 720 and 721 of the Penal Code), which charges that the accused did "sell" a part of said crop, and does not allege that he did "sell *or otherwise dispose of*" the property, etc.

(*a*)  "A pledge, or pawn, is property deposited with another as security for the payment of a debt." Civil Code, § 3528.  "A sale, in its broadest.sense, may be defined as the transfer of the property in a thing for a price in money." 35 Cyc. 25.  In the former the title does not pass, in the latter it does.

(*b*)  Under such an indictment, instructions by the court which authorized the jury to convict the defendant if he did in fact "sell or otherwise dispose of the property," and failed to confine the jury solely to evidence tending to support the charge as to the mere sale as alleged in the indictment, were erroneous.

(*c*)  Since a decision of the question is not necessary in this case, we make no ruling as to whether the words "otherwise dispose of" would include a pawn, loan, or other similar disposition thereof.  See *Scott* v. *State*, 6 *Ga. App.* 332 (64 S. E. 1005).

2. The court erred in overruling the motion for a new trial.

*Judgment reversed.*

DECIDED MAY 3, 1915.

Accusation of misdemeanor; from city court of Sparta—Judge Moore.  September 28, 1914.

*A. G. Foster,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.