## 5790.   BUGG *v.* THE STATE.

1. Where a crop made by a tenant is subject to a lien for rent or for advances made to him by his landlord, a loan of a part of the crop by the tenant, without payment of the debt and without the consent of the lienholder, and with intent to defraud, whereby loss is sustained, constitutes a violation of section 721 of the Penal Code. In the present case, however, the conviction of the accused is not authorized; for the indictment alleges a *sale*, and does not allege any other disposition of the crop, and there was no evidence that he sold any part of the crop. The testimony to the effect that he *lent*, without the consent of the landlord, a certain part of the cotton subject to the lien might have supported a conviction, if the indictment had alleged that the accused

"disposed" of it otherwise than by sale. Evidence of a fraudulent loan will not support an allegation charging a fraudulent sale.

2. Any witness may give his opinion as to the quantity of a given substance which he has examined, after he has stated the facts upon which he bases his opinion; the probative value of the opinion being at last a matter for determination by the jury.

3. Primary proof is dispensed with when secondary evidence is admitted without objection; and the failure to object at the time the secondary evidence is offered will generally be treated as a waiver of objection.

4. A party will not be heard to complain that the court erred in propounding a certain question to a witness, when it appears that the court propounded it with that party's consent.

5. The trial judge may, at the instance of either party, or of his own motion, during the progress of the trial, give counsel the benefit of his views of the law affecting the case at bar, but it is error prejudicial to the opposite party for the court to make suggestions or remarks tending to impress and fortify the positions of one party rather than the other.

6. Even though it may have been irregular and improper to permit the prosecutor to examine a witness, and though the manner of the examination may have been prejudicial to the accused, the irregularity must be treated as having been waived, since no objection was interposed by the defendant at the time the permission was given, and the complaint was first made in the motion for a new trial.

7. The court did not err in omitting to charge the jury that if the defendant lent the cotton with the intention to repossess it and deliver it to satisfy the lien, he would not be guilty of the charge.

8. For the reasons stated in the first headnote the court erred in overruling the motion for a new trial.

Decided September 25, 1915.

Accusation of misdemeanor; from city court of Madison—Judge Anderson. May 4, 1914.

*M. C. Few,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.

Russell, C. J. The defendant was indicted for the illegal sale of crops under lien, and was convicted. His motion for a new trial was overruled, and he excepts to that judgment.

The controlling question in the case is raised by the general grounds of the motion for a new trial, and in connection with them we shall deal with the assignment of error contained in the 5th ground, in which it is contended that the court erred in not charging the jury that if the defendant merely *lent* a part of the cotton which was under lien, intending to satisfy the lien with cotton of equal value, then he would not be guilty. The indictment charged that the defendant, being a tenant of one Stovall, executor, and

having given a special lien to the landlord upon his crop for the year 1912, to secure advances to make the crop, which landlord's lien had been, with the knowledge and consent of the defendant, transferred to H. A. Davis Company, did sell 50 pounds of seed cotton covered by the landlord's special lien for supplies, with intent to defraud the corporation, and without its consent and before paying the debt in full. There was testimony on the part of the prosecution indicating that the defendant in some way disposed of some of the seed cotton; for more than one witness testified that certain piles of seed cotton in his possession were smaller on certain occasions, when they looked at them, than they had previously been, and there was proof that the defendant had lent to his sister-in-law 100 pounds of seed cotton to put into a bale of rent cotton which she was having ginned. One of the witnesses swore that the defendant admitted lending to his sister-in-law the 100 pounds of seed cotton, but claimed that she repaid it. In our opinion, this evidence might have authorized the conviction of the defendant for disposing of a part of a crop under lien, if the indictment had covered the transaction; but the indictment charged a sale, and did not allege any other disposition of the cotton, and there was no evidence of a sale. *Gilbert* v. *State,* 16 *Ga. App.* 249 (85 S. E. 86).

We can not concur in the opinion of counsel for the plaintiff in error that a tenant or cropper who merely lends a part of a crop which is subject to the landlord's lien for rent or supplies advanced to aid in making the crop would not be guilty of violating the statute which forbids him to sell "or otherwise dispose of" any portion of the crop. Penal Code, § 721. To hold this would be to destroy the protection referred to by Justice Simmons in *Thornton* v. *Carver,* 80 *Ga.* 397 (6 S. E. 915). To hold that the tenant might lend one part after another of a crop subject to his landlord's lien would make nugatory that part of the section which denounces the tenant's disposing of the crop *otherwise* than by sale, and would render it impossible to secure a conviction in any case where the State could not prove an actual sale of the farm products disposed of. It can not be assumed that the tenant is acting in good faith because the transaction is merely a loan; for the very act of lending is the exercise of a right of dominion in defiance of the lien, and is likely to result in loss to the landlord, or to his assignee in case the lien (as in the present case) has been as-

signed. When a loan of any kind is made, the risk that it will not be repaid is necessarily encountered. It was never contemplated that a tenant should have the right to expose the landlord to the risk to which he would be exposed if the entire crop upon which he had a lien were lent by the tenant to persons who might happen to be wholly irresponsible. A loan of property with the intention that it shall be appropriated absolutely and transferred to another by the borrower, and repaid in property of like kind, as was the case here, alienates it and puts it out of the reach of the owner, or lienholder as effectually as would a sale, exchange, or barter of the property. Like money lent, it passes absolutely beyond the control of the lender and is transmuted into a mere debt. If such a loan of property is not included in the terms "otherwise dispose of," it would be easy to elude and defeat the provisions of the statute by substituting for a sale in the literal sense an exchange or barter of property, or a promise to exchange, and denominating it a loan. If the legislature had intended that the statute should not apply to such a disposition of the property, we apprehend that they would not have taken the pains to include as they did (as a prerequisite to any sale or other disposal) the requirement of obtaining the landlord's consent, implied by the words "without the consent" in the statute. The decision in this case in nowise conflicts with the ruling in *Scott* v. *State,* 6 *Ga. App.* 332 (64 S. E. 1005), in which it was held that the mere carrying of a portion of a crop of a cropper from one county to another was not a disposition of the crop in violation of the code section, because, as pointed out in the opinion of Judge Powell, the moving of the crop would not of itself import a "disposition," as defined in the authorities quoted in the opinion (p. 334).

The trouble with this case is that the proof does not conform to the allegations of the indictment. The indictment alleges only a *sale;* the proof does not disclose a sale, but does show a different disposition of a portion of the crop. The evidence therefore does not authorize a verdict of guilty, and the court erred in not granting a new trial upon the general grounds of the motion.

The remaining questions raised by the record are sufficiently dealt with in the headnotes.

*Judgment reversed. Broyles, J., not presiding.*