### 6318.    CURRY *v.* THE STATE.

A prosecution for a violation of section 729 of the Penal Code may be maintained in the county in which the crop was grown, although the part of the crop of which the landlord was deprived was sold or otherwise disposed of in a different county. Where it appears without contradiction that a cropper, at night and without the consent of his landlord, removed a part of the crop cultivated by him upon shares from the county where it was grown, and thereafter sold or otherwise disposed of this part of the crop in another county, the proper courts of the county from which the crop was removed have jurisdiction of the offense. In such a case the actual sale or disposition of the property may authorize the inference that the intent so to dispose of the crop was originally in existence and operative in the mind of the accused in removing the crop, so as to deprive the landlord of his right of possession; and any overt act done in pursuance of this design and thereafter successfully accomplished would complete the offense of disposing of the crop within the terms of the statute.

DECIDED OCTOBER 15, 1915.

Indictment for misdemeanor; from Twiggs superior court—Judge Larsen. November 13, 1914.

*Hal B. Wimberly,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

RUSSELL, C. J. The object of the statute embodied in section 729 of the Penal Code was to protect the landlord in the possession and title of crops raised upon his land and with tools and stock and supplies furnished by him, until the advances necessary in making the crop and the landlord's portion thereof had been paid for. This purpose would be defeated if only a court in the county in which the actual sale or disposition of any portion of the crop took place had jurisdiction to try violators of this statute. A conversion of a portion of the crop, the custody of which is entrusted by the landlord to the cropper, is completed when the cropper forms a definite intent to sell or otherwise dispose of any portion of it without the consent of the landlord, and, in pursuance of that intent, does an overt act in furtherance of his design, which withdraws it from the possession of the landlord. To hold that prosecutions for violation of this statute could only be had in the county in which there was an actual sale or disposition of a portion of the crop would oftentimes render prosecution impossible, and would always subject the landlord to the trouble and expense of pursuing his remedy in localities in which he was perhaps a stranger.

The case at bar differs as to its facts from that of *Scott* v. *State,* 6 *Ga. App.* 332 (64 S. E. 1005); *Ham* v. *State,* 7 *Ga. App.* 57 (66 S. E. 22); *Davis* v. *State,* 7 *Ga. App.* 332 (66 S. E. 960); *Cody* v. *State,* 69 *Ga.* 743, and *Conley* v. *State,* 85 *Ga.* 348 (11 S. E. 659). In the *Scott* case there was no evidence whatever of any intent on the part of the cropper to dispose of the property for his own benefit, or in fact to deprive the landlord of his right of control. A portion of the crop in that case was merely moved across the line of Cobb county into Douglas county, apparently for safe-keeping, and the status of the possession which the tenant held for the landlord was not in any wise altered. The cases of *Ham, Davis, Cody,* and *Conley* all relate to convictions under a peculiar statute forbidding the sale of mortgaged property, and are not in point. It is very plain from the evidence in this case that while there was a sale of the property by the cropper in Bleckley county, it was "disposed of" in fraud of the rights of the landlord when the cropper placed it upon his wagon with the intent to sell it, whether at Cochran or wherever else it might be to his best advantage to do so. Under the constitutional provision that all criminal prosecutions must be had in the county in which the alleged offense was committed (Penal Code, § 29), it is, no doubt, true that a cropper could not legally be convicted for the sale of a portion of the crop in a county other than that in which the sale actually occurred. But for the removal of the crop (though the original intention, which is subject to change, may be to sell the crop) the cropper may be held liable as for a disposition of the crop other than a retention of the custody of the crop subject to the disposal of the landlord, as is his duty. In such case it is immaterial that the property is finally sold. In the present case the accusation charged that the crop was sold or otherwise disposed of.

It is not contended that the evidence, otherwise than on the point of venue, was insufficient, and for this reason the case is controlled by what we have just said in regard to jurisdiction. Consequently, there was no error in overruling the motion for a new trial.                                    *Judgment affirmed.*

WADE, J., concurring specially. I agree that considerations of public policy and the purpose designed to be accomplished by section 729 of the Penal Code appear to authorize the conclusion

reached by the court in this case; but I concur with grave doubt as to the soundness of the foregoing opinion.