### 6874.  LINDER v. THE STATE.

The venue was sufficiently proved, and the evidence supported the verdict.

DECIDED JANUARY 21, 1916.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks.  August 9, 1915.

*Hal B. Wimberly,* for plaintiff in error.

*S. P. New, solicitor,* contra.

WADE, J.  The plaintiff in error was convicted of the offense of disposing of mortgaged property.  It is not urged in the brief of his counsel that the evidence was insufficient to support the verdict, except for the reason that the venue was not sufficiently proved.  There was no evidence that the calf which he was charged in the indictment with having disposed of had been sold, but there was testimony that the defendant freely and voluntarily admitted that he had killed and eaten it and had thus "otherwise disposed" of the mortgaged ·property, and further testimony showing that this was done without the consent of the mortgagee.  This proof, together with proof tending to show the venue, was sufficient to authorize a conviction of a violation of section 720 of the Penal Code.  See *Scott* v. *State, 6 Ga. App.* 332 (64 S. E. 1005).

The evidence showed, that the defendant resided in Laurens county at the time he executed the mortgage, and that the property mortgaged was in that county at that time, and that the defendant was still residing in Laurens county at the time he admitted that he had killed and eaten the calf; that all the counties touching or bordering Laurens county were approximately from eight or ten to twenty-five miles from his home; that the calf was

raised on his premises and had remained there up to a few days before he admitted in that county that he had killed and eaten it; that he had been seen at his home "every day or two—may be two or three times a week"—prior to the date when he made the admission referred to above, and there was absolutely nothing to show that he had ever been out of the county. It has been often held that the venue of a crime may be proved by circumstantial as well as by direct evidence (*Chambers* v. *State,* 85 *Ga.* 220, 11 S. E. 653), and it is clear that the venue in this case was sufficiently proved. In this connection see *Davis* v. *State,* 7 *Ga. App.* 332, 333 (66 S. E. 960). In *Johnson* v. *State,* 62 *Ga.* 299, it was held that "Evidence that a defendant on trial for forgery lived in the county of the trial, and within it admitted the forgery, is sufficient proof of venue to support a verdict of guilty, there being no evidence that defendant had ever been out of the county." In *Womble* v. *State,* 107 *Ga.* 669 (33 S. E. 630), it was held that where all the evidence introduced on a criminal trial tends to show the offense was committed in the county of the prosecution, and there is no evidence warranting a conjecture that it was committed elsewhere, it will be held that the venue is sufficiently proved. See also *Cody* v. *State,* 69 *Ga.* 743; *Graham* v. *State,* 16 *Ga. App.* 221 (84 S. E. 981); *Dyer* v. *State,* 6 *Ga. App.* 390 (65 S. E. 42); *Cook* v. *State,* 9 *Ga. App.* 208 (70 S. E. 1019); *Smiley* v. *State,* 66 *Ga.* 754.

The evidence as to the confession of the accused that he had killed and eaten the mortgaged calf was not even disputed by a statement from him to the jury; and since the undisputed evidence, therefore, establishes that the defendant did in fact kill and eat the calf in question, it is utterly unreasonable to suppose that the accused drove the calf over into the nearest county, eight or ten miles away, before butchering it, especially when it is recalled that he still resided in Laurens county at the time he made the admission, some days thereafter, as to the disposition of the animal. Any hypothesis that the defendant killed and ate the calf eight or ten miles away from his home would be utterly unreasonable, and the proof establishes, to the exclusion of every other *reasonable* hypothesis, that the calf was disposed of within the confines of Laurens county. As said above, the defendant made no statement to the jury, and there was no evidence introduced

in his behalf. The venue and the other necessary averments in the indictment were sufficiently proved to authorize the jury to find that the property was disposed of without the consent of the mortgagee, and that such disposition was made in Laurens county, Georgia, and the trial judge did not err in overruling the motion for a new trial.  *Judgment affirmed.*