(109 So. 485)

No. 27928.

## STATE v. LABORDE.

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⊚══125(31).

Count in information under Act No. 39 of 1921, § 1, charging defendant with selling and disposing of liquor, does not charge two offenses; word "dispose" referring only to sale of liquor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispose of.]

2. **Criminal law** ⊚══594(2).

Continuance to defendant charged with misdemeanor *held* properly denied, where absent witness resided in another parish, and could not be compelled to attend court.

3. **Witnesses** ⊚══2(1).

Under Rev. St. 1870, § 1036, defendant not charged with capital crime or with offense punishable by imprisonment at hard labor is not entitled to compulsory process to secure attendance of absent witnesses residing in another parish.

Appeal from Twelfth Judicial District Court, Parish of Avoyelles; L. P. Gremillion, Judge.

R. Lee Laborde was convicted of selling intoxicating liquors, and he appeals. Affirmed.

Bordelon & Norman, of Marksville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Lester L. Bordelon, Dist. Atty., of Marksville (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. Defendant has appealed from a conviction and sentence for the sale of intoxicating liquors for beverage purposes. The errors complained of are: First, that defendant's motion to quash the indictment should have been sustained; and, secondly, that he should have been granted a continuance on account of the absence of a witness residing in another parish.

Motion to Quash—Bill No. 1.

[1] The information filed against defendant charges—

"that Lee Laborde, late of the parish aforesaid, on or about the 21st day of December, 1925, A. D., with force and arms in the parish, district, and state aforesaid, did willfully, maliciously, and feloniously sell and dispose of intoxicating liquor, to wit, whisky, for beverage purposes, contrary to the form of the statute," etc.

The motion to quash is based on two grounds:

"(1) That the bill of information charges two separate and distinct offenses in one count.

"(2) That the bill of information charging the commission of one of two offenses without designating which of the two offenses is charged does not charge the commission of any particular offense."

The trial judge overruled the motion to quash for the reason that defendant was not tried for anything but selling intoxicating liquor, and the words "dispose of" were mere surplusage.

Section 1 of Act 39 of 1921 declares—

"that no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for beverage purposes."

The information, in our opinion, does not charge that the whisky was disposed of by defendant in any other manner than by sale. No attempt was made on the trial to convict defendant by any proof of a gift, exchange, or barter. He was tried solely for the sale, and convicted solely for selling. The words "dispose of" as used in the information clearly refer to the sale as the manner of disposition. These words are, therefore, redundant in this particular case, and do not charge a separate and distinct offense.

It cannot be assumed that two separate and distinct offenses are charged in the same count, when only the essential elements of a single offense, the disposal of the liquor by sale, is sufficiently set out in an information.

As but a single offense is charged, the second ground of the motion to quash is without merit.

### Motion for Continuance—Bill No. 2.

[2] 2. The absent witness did not reside in the parish of Avoyelles in which defendant was tried, but in the parish of Catahoula.

The trial judge signed an order permitting defendant to summon additional witnesses, among whom was named the witness in question. As the absent witness could not be compelled to attend court from another parish, the defendant being charged with a mere misdemeanor, the ruling of the judge a quo denying the continuance was correct.

[3] Section 1036 of the Revised Statutes of 1870 provides that—

"In all criminal prosecutions in which the punishment to be inflicted may be death or imprisonment at hard labor in the penitentiary, witnesses may be compelled to attend the sessions of the court from any parish of the state," etc.

Defendant not being charged with the commission of a capital crime, or with any offense the punishment of which may be imprisonment at hard labor, he was not entitled to compulsory process to secure the attendance of the absent witness.

The conviction and sentence are therefore affirmed.