See, also, 216 Ala. 586, 114 So. 194.

Mitchell & Hughston, of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

(116 So. 414)

## RICE v. BLAIR. (8 Div. 557.)

Court of Appeals of Alabama. April 10, 1928.

SAMFORD, J. There is no dispute as to the law of this case. This is so recognized by the parties, and the appellant by his brief waives all the assignments of error, except assignment 12, which presents for review the ruling of the trial court on motion for new trial upon the ground that the verdict of the jury is contrary to the great weight of the evidence.

■■ The controversy in this case arose over certain personal property originally belonging to B. F. Williams, plaintiff's intestate and uncle-in-law of defendant. The defendant claims the property by virtue of a gift inter vivos, which is a contract taking place by

the mutual consent of the giver, who divests himself of the thing given, transmitting the title of it to the donee gratuitously, and the donee who accepts and acquires the legal title to the thing given. It operates in the lifetime of the donor immediately and irrevocably. 28 Corpus Juris, 621.

There are a number of articles named in this complaint for the conversion of which damages are claimed. On the evidence and charge of the court the jury found for the defendant and as to this verdict the plaintiff (appellant here) seems to acquiesce, except as to one article, to wit, a gold watch and chain. As to this item, it is claimed that the evidence does not support the verdict. The testimony as to a delivery of the watch to the defendant in the lifetime of the donor may be—yea was, meager, but, if believed by the jury, was sufficient, in connection with the other evidence in the case, to invest defendant with the title to the gold watch and chain.

Giving to the verdict of the jury and the finding of the trial judge, who had all the parties before them and heard the evidence ore tenus, the weight to which they are entitled under the law, we must hold that the court did not err in overruling the appellant's motion for a new trial.

Let the judgment be affirmed.

Affirmed.