### 21534. STENSON v. THE STATE.

BROYLES, C. J. 1. "The words 'or otherwise dispose of' in the first section of the act of December 13, 1871, entitled 'an act to make penal the selling of personal property which has been mortgaged as a security for the payment of a debt,' etc., must be construed to mean a disposition of the property in the nature of a sale and not in any other manner." *Conley* v. *State*, 85 *Ga.* 348 (11) (11 S. E. 659), *Scott* v. *State*, 6 *Ga. App.* 332, 334 (64 S. E. 1005), and cit.

2. In the instant case the evidence showed that the mortgaged property (a sow) had been disposed of by being killed and eaten by the mortgagor (the accused). Under the above-stated ruling such a disposition of the property was not covered by the language 'or otherwise dispose of' in the statute, and the defendant's conviction was unauthorized. The contrary ruling of this court in *Linder* v. *State*, 17 *Ga. App.* 520 (87 S. E. 703), must give way to the decision of the Supreme Court in the *Conley* case and to the older adjudication of this court in the *Scott* case, supra.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931.

*Smith & Millican,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.