28280. COLEMAN *v.* THE STATE.

DECIDED APRIL 9, 1940.

*McDonald & McDonald,* for plaintiff in error.

*W. C. Forehand, solicitor-general,* contra.

MACINTYRE, J.   Robert Coleman was convicted of cattle-stealing in Irwin County.   His motion for new trial was overruled, and he excepted.   The evidence disclosed that the prosecutor's place, known as the Clements' place, and the range immediately about it on which the cattle in question ranged, was in Irwin County, about seven or ten miles from the Irwin County line; that there are two counties between Irwin County and Dooly County where the cattle in question were found on Clarence Taylor's public pasture; and that the prosecutor, Clements, on or about August 18, 1939, saw the cattle in question on his open range, and two weeks later, about September 1, 1939, he missed them therefrom.   Taylor testified that the defendant brought the cattle in question to his lot about two or three o'clock in the morning of Sunday, September 3, 1939; that he told the defendant he would charge him one dollar per head to let the cattle range there, as he did the general public; that he reported the transaction to the sheriff the following Saturday when he went to town, and turned the cattle over to the prosecutor and the sheriff.   A witness for the State testified that he saw the defendant in the truck after midnight, Sunday, September 3, 1939. The defense attempted to establish an alibi.   The defendant stated to the jury that he was not guilty.   He contends that the venue was not proved to be Irwin County; and that the decisions relied on by the State are not in point, because they show that the cattle involved in those cases were seen "immediately [a day or so] preceding the time of the theft in the county in which the trial was being had;" whereas in the instant case the cattle were found in Taylor's lot in Dooly County two weeks after they were last seen on the open range in Irwin County.

If the recent possession would authorize (not require) the jury to infer that the accused was guilty of the theft unless he explained his possession to their satisfaction, then, although it was two weeks after the prosecutor last saw his cattle on the open range before

they were discovered in the possession of the defendant, the jury were authorized to find that the possession was "recent;" especially if they took into consideration the fact that the cattle could have been stolen at any time within the two-week period, even the night before they were found in the defendant's possession in another county. The county in which the stolen cattle were discovered was separated by two intervening counties from the county in which they were alleged to have been stolen; and under this circumstantial evidence, the jury could have further found, from this same recent possession of the same stolen cattle, that the cattle had been stolen from the range in Irwin County where they had been accustomed to feed and range, and where the owner had last recently seen them. The jury were authorized to find that the defendant was "recently" after the theft in the possession of the stolen cattle, and a conviction of larceny was authorized. The jury were likewise authorized to find, from the recency of the possession and the other circumstances, that the cattle were stolen from the range in Irwin County which was the place where the cattle were recently last seen before the theft, and where they were accustomed to range and graze. "On the trial of one charged with stealing a cow, the prosecutor testified: 'It was my property, and I have never seen it since. It is missing from the range, and its range is in Liberty County, Georgia' (the county in which the venue of the crime was laid in the indictment). *Held:* This testimony was sufficient to establish the venue." *Livingston* v. *State,* 18 *Ga. App.* 679 (90 S. E. 287). The record in the *Livingston* case shows that it was from eight to ten days after the cow had been missed before she was located. The evidence authorized the jury to find that venue had been proved, and that the defendant was guilty as charged in the indictment. *Linder* v. *State,* 17 *Ga. App.* 520 (87 S. E. 703), and cit.; *Smiley* v. *State,* 66 *Ga.* 754.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*