107 So.2d 575

**Raymond SMITH**

v.

**STATE.**

7 Div. 506.

Court of Appeals of Alabama.

Dec. 9, 1958.

Wales W. Wallace, Jr., Columbiana, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The indictment against this appellant contained two counts.

Count 1 charged that the appellant did keep, possess, receive or accept the delivery of prohibited liquors, etc.

Count 2 charged that the appellant "did keep for sale or otherwise dispose of

spiritous, vinous or malt liquors, contrary to law," etc.

The trial below resulted in a general verdict of guilty, and a judgment responsive to the verdict.

The evidence presented by the State tended to show that two deputy sheriffs found a gallon and two pints of moonshine liquor hidden under a pine tree top about two hundred and fifty yards from appellant's home, but not on his property.

They secreted themselves, their position also being not far from a railroad right of way.

The officers observed the appellant and another man walk down the railroad and stop near a culvert. The appellant then climbed over a fence, went to the pine top and picked up a pint bottle. As appellant was returning toward the culvert the officers closed in and appellant fled. During the chase the appellant threw away the bottle. A pint bottle of moonshine whiskey was later recovered by the officers at this place, after their capture of the appellant.

In a later search of the area near the pine top the officers found an additional fourteen gallons of moonshine whiskey.

The evidence presented by the defense was in effect a complete contradiction of the State's evidence. The appellant denied he had crossed the fence and gone to the liquor cache, or that he knew anything about it, etc. This but raised a question of fact within the province of the jury to resolve, and in view of our conclusion that this case must be reversed, we refrain from detailing the evidence presented by the defense.

In the trial below the appellant requested the affirmative charge respectively as to counts 1 and 2, each such charge being refused.

As stated by the late Presiding Judge Carr, in Moore v. State, 35 Ala.App. 160, 44 So.2d 789, 790:

"Ordinarily, a general verdict is referable to a good count in the indictment which is supported by the evidence. This rule, however, is without application if the general affirmative charge is requested as to each count and the evidence does not warrant a submission of the case to the jury under each of the counts. A contrary holding would deprive the appellant of full review of a presented question. Hawes v. State, 216 Ala. 151, 112 So. 761; Jones v. State, 236 Ala. 30, 182 So. 404; Brasher v. State, 21 Ala.App. 309, 107 So. 727; Jackson v. State, 33 Ala.App. 42, 31 So.2d 514, certiorari denied 249 Ala. 348, 31 So.2d 519."

This well-settled doctrine raises the question as to whether there is any evidence tending to prove, to the required degree, that this appellant was guilty of keeping for sale, or otherwise disposing of prohibited liquors.

Our conclusion is that the evidence is completely lacking in such proof.

True, if the State's evidence be believed to the required degree, and we think the jury's verdict infers such belief, such evidence tends to show only a possession of prohibited liquors, and that the appellant threw away a pint bottle of liquor during the pursuit by the officers.

Did this throwing of the bottle of whiskey constitute a disposal of the liquor, within the terms of Section 98, Title 29, Code of Alabama 1940, which declares that: "It shall be unlawful for any person * * * to sell, offer for sale, keep or have in possession, barter, exchange or to give away * * * or otherwise dispose of the prohibited liquors."

In Reynolds v. State, 73 Ala. 3, the appellant had been indicted and convicted under a statute making it unlawful for any person to "make, sell, or otherwise dispose of" spirituous liquors, within the counties of Dale and Henry, State of Alabama.

The evidence showed that the appellant, at his private residence in Dale County, gave to one W. H. S. two or more drinks of

whiskey. The trial judge instructed the jury that this constituted a disposing of spirituous liquors within the statute.

In reversing the case, Stone, J., wrote:

"The words of a statute are to be understood in their popular signification, when nothing appears to the contrary. Mayor, etc. [of City of Wetumpka] v. Winter, 29 Ala. 651; Thurman v. State, 18 Ala. 276; Favers v. Glass, 22 Ala. 621. To dispose of, in popular sense, when used in reference to property, means to part with the right to, or ownership of it; in other words, a change of property. If this does not take place, is would scarcely be said the property is disposed of. That would not be the popular sense in which those words are employed. Taking a glass of spirits or wine with a friend or visitor, in one's own residence, is one of the forms in which hospitality not infrequently shows itself. We are not dealing with the morality, or hurtfulness of the custom. That is not a judicial question. We are endeavoring to arrive at the intention of the law-making power. In this (possibly injurious) act of hospitality, we apprehend no one would entertain the thought of a change of property, or ownership—that he was thereby 'disposing of' the article thus used and consumed. Quite as appropriate would it be to affirm that the host had disposed of the viands his friend consumed, while enjoying a hospitable dinner with him.

"We would not be understood as affirming that no disposition can be made, under the statute we are construing, except by bargain and sale. A gift, consummated by delivery, works as complete a change of property or ownership, as does a sale on valuable consideration. What we declare is, that the act, shown in the evidence in this cause, was not a disposing of the liquor, within the contemplation of the legislature."

To like effect, the Supreme Court of Louisiana, in State v. Laborde, 161 La. 771, 109 So. 485, held that under a charge of selling and disposing spirituous liquors, the word "dispose" referred to a sale of liquor.

There is of course no possibility under the evidence of any gift, since a gift is a transaction by mutual consent, whereby the donor divests himself of property, transmitting the title to the donee gratuitously, who accepts. See Rice v. Blair, 22 Ala. App. 430, 116 So. 414.

For the error in refusing appellant's written request for the affirmative charge as to count 2, this judgment must be reversed.

Reversed and remanded.