Sune LYXELL et al.,
Plaintiffs-Appellants,

v.

John B. VAUTRIN et al.,
Defendants-Appellees.

No. 79–1532
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 431 F.2d 409 (5th Cir. 1970) (Part I).

Robert M. Galloway, Mobile, Ala., for plaintiffs-appellants.

Darby & Carrigan, John Richard Carrigan, Mobile, Ala., for defendants-appellees.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges:

PER CURIAM:

Plaintiffs Sune Lyxell and Operation Sweden appeal from a summary judgment granted in this diversity action, which was brought in the Southern District of Alabama. The district court found that plaintiffs could not maintain an action for fraud, conversion or breach of contract under Alabama law. We conclude that there are material questions of fact concerning the fraud and breach of contract issues and accordingly reverse and remand for further proceedings.

Defendant Vautrin was a pastor in Illinois. In May, 1977, Lyxell, as representative of Operation Sweden, approached Vautrin and discussed establishing a Christian radio station. A month later, Lyxell met with Vautrin, Crockett White and Elbert White and agreed to start "Christ for the World Foundation," (CWF), an unincorporated association. On July 22, 1977, Lyxell delivered a $25,104.36 certificate of deposit to the State Bank of Gulf to be deposited in an account for CWF. At the same time, Lyxell received $500.00 from that

account. The parties then entered into a Protocol, which provided that the signatories would establish a Christian, nonprofit ministry. Under the Protocol, it was agreed that Lyxell would be President of CWF and Vautrin would be Vice-President and would be given a salary for full-time ministry work. The Protocol also provided that CWF would apply to the FCC for a radio license and that eighty percent of the organization's surplus money would be paid to Operation Sweden.

In September, Lyxell transferred an additional $62,895.64 to CWF. At one point, Lyxell received $10,000 from CWF for expenses incurred on his return to Sweden. Lyxell's transfers to CWF, less expenses, total $77,500.

When Vautrin began to negotiate the purchase of a radio station in Fairhope, Alabama, in late 1977, he learned that the FCC probably would not approve the sale of the station to a foreign citizen. Whether Lyxell was informed of this prior to the sale is disputed. Thus, for purposes of this review we must assume that Lyxell was not informed. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In November, 1977, the radio station was purchased, with Vautrin and Crockett White signing for CWF. Vautrin informed Lyxell of the purchase in a letter dated November 11, 1977. A month later, CWF was incorporated as a nonprofit religious corporation by Vautrin, Crockett White and Elbert White. The funds of CWF were then transferred to the CWF Corporation. Upon his return from Sweden in April, 1978, Lyxell demanded the return of the money he had transferred to CWF. CWF Corporation refused to return the money and plaintiff filed this action.

■ The district court granted summary judgment on the ground that plaintiffs failed to state an action in deceit under *Ala. Code* § 6–5–103 (1976), which provides that misrepresentation of a material fact made to induce another to act gives rise to a cause of action. The court found that the only evidence of any intent to deceive was

that the promise to make Lyxell President of CWF was not performed. Breach of contract is not tantamount to fraud. *Old Southern Life Insurance Co. v. Woodall,* 295 Ala. 235, 326 So.2d 726 (1976). However, we find that a material question of fact, sufficient to defeat the defendants' motion for summary judgment, was raised regarding the defendants' intent at the time the representation was made. Cases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment. *Slavin v. Curry,* 574 F.2d 1256, 1267 (5th Cir. 1978). Judging from the record before us, numerous communications between the parties throughout the year indicate that fraud may have been perpetrated. In addition, Lyxell testified that he believed the defendants intended to defraud him from the beginning.

The district court also denied recovery of damages for breach of contract. The terms of the Protocol were clearly not followed. The court found, however, that because plaintiffs were investing in an Alabama nonprofit religious corporation, Operation Sweden was doing business in Alabama within the meaning of the law and therefore was required to qualify to do business in Alabama. The failure to do so, if required by law, would render the contract void. *SAR Manufacturing Co. v. Dumas Brothers Manufacturing Co.,* 526 F.2d 1283 (5th Cir. 1976); *Calvert Iron Works, Inc. v. Algernon Blair, Inc.,* 284 Ala. 655, 227 So.2d 424 (1969).

■ The determination whether a foreign corporation is doing business within the state of Alabama involves a mixed question of law and fact. *Foxco Industries, Ltd. v. Fabric World, Inc.,* 595 F.2d 976 (5th Cir. 1979). Consequently, "the facts of each case are quite important in determining whether or not a sufficient nexus exists for finding that the nonresident corporation is doing business within the state." *Id. quoting SAR Manufacturing Co. v. Dumas Brothers Manufacturing Co.,* 526 F.2d 1283, 1285 n. 3 (5th Cir. 1976). In the case before us, the only transaction involved appears to

have been the transfer of money by plaintiffs to defendants. This critical point was also disputed; defendants have maintained that this was not an investment but a gift. Furthermore, defendants have not shown that Operation Sweden has salaried employees or offices in Alabama. Nor have they indicated that the organization takes on all the qualities of a corporation. Instead, they rely on Lyxell's own inexact knowledge of what constitutes a corporation. Consequently we find that a material question exists whether Operation Sweden is a corporation doing business in Alabama under Alabama law. *See Swicegood v. Century Factors, Inc.*, 280 Ala. 37, 189 So.2d 776 (1966).

The district court correctly denied the claim for conversion. Under Alabama law, to recover under a conversion theory plaintiff must have general or special title to the property in question and the immediate right of possession. *Hamilton v. Hamilton*, 255 Ala. 284, 51 So.2d 13, 18 (1951). Although plaintiffs maintain that the transfer of money was a loan while the defendants contend it was a gift, under either analysis, plaintiffs cannot maintain an action for conversion. When there is no obligation to return the identical money, but only a relationship of debtor or creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor. Moreover, if the money was a gift, the donor relinquishes his right to title to the donee. *Smith v. State*, 39 Ala.App. 673, 107 So.2d 575 (1959).

In reviewing the granting of a motion for summary judgment the inferences to be drawn from the evidentiary record "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc., supra.* Using that standard, we are persuaded that there were disputed issues of material fact concerning the fraud and breach of contract issues that should have been resolved. Accordingly, summary judgment was improperly granted.

REVERSED AND REMANDED.