# Beasley *v.* The State.

### *Obtaining Goods by False Pretence.*

1. *A false pretence twice repeated is not a case for election.*—Goods obtained from one person by the same false pretence, twice repeated on different days, constitutes only one transaction, and is not a case for election.

2. *All the false pretences need not be proven.*—It is not material in an indictment for this offence, to aver all the pretences made, or to prove all that is averred, if those charged and proved are intended and calculated to deceive and defraud, and on the strength of them, or any one of them, the valuable commodity or thing is obtained.

3. *Every pretence may not be false.*—The falsity of every pretence made is not always necessary to a conviction. It is enough if a material part of the pretence be false; that it be made with intent to defraud; and that it induces the person sought to be wronged to part with his property. These are inquiries for the jury, under proper instructions.

4. *An abstract charge should be refused.*—A charge based upon no evidence in the case is abstract, and is properly refused.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

The defendant was indicted for obtaining goods under false pretences, and pleaded not guilty.

The defendant went to the city of Greenville, in Butler

county, on the 11th of October, 1877. There he sold a bale of cotton, which he had carried with him, and applied the money received for it to the payment of a mortgage debt, which he owed to Strouse & Steinhart, merchants of that city. He asked if they would sell him goods that he wanted. Steinhart replied: " If I sell you some goods, what security can you give me?" " The defendant said, ' I have got two bales of cotton out and in a house at home, and one in the field, and they are unincumbered.' To which Steinhart replied: ' Well, if that is so, I will let you have what goods you want on that.' At that time the defendant bought seventeen dollars worth of goods, and said he wanted bagging and ties to put up the cotton, but that he was too heavily loaded to carry it out then, but would return in a few days and get the bagging and ties." The defendant went back to Greenville on the 16th day of the same month, to obtain those articles, and wanted to get other goods. Steinhart testified, that, from what he had heard, he suspected Beasley did not have the cotton. "He did not tell Beasley this, but mentioned it to his clerk, who talked with him about the cotton, and Beasley said he did have two bales of cotton out, and one in the field. Whereupon, they let him have eleven dollars worth of goods, including the bagging and ties."

" The defendant then moved the court to require the solicitor to elect which of the transactions he would rely upon." The court refused to do so, and the defendant excepted.

The defendant told Boyett, on the 16th day of October, that the cotton he sold to Boyett on the 11th of October was all the cotton he had. " The proof showed that Strouse & Steinhart sent their agent to the house of defendant, four or five weeks after the representations had been made, and he found nobody at home. He saw five or six hundred pounds of seed cotton in a house ; but as the father of the defendant also lived at the place, he did not know whether the cotton belonged to the defendant or to his father."

A witness introduced by the defendant testified, " that some time in the month of October he was in the defendant's field, and he judged there was about 800 or 900 pounds of cotton then in the field."

The defendant asked the following charges, which were in writing :

" 4. If the representations were, that he had two bales of cotton out, and one in the field, and the charge in the indictment is that he had two bales of cotton, this would be a fatal variance, and the defendant could not be convicted.

" 5. If there is a reasonable doubt as to whether the goods obtained were over the value of twenty-five dollars—the goods proven to have been obtained by the defendant—then the defendant could not be convicted of the offence as charged in the indictment."

The court refused to give the charges requested; and to each of such refusals, the defendant severally and separately excepted.

The jury, under the instructions of the court, rendered this verdict: "We, the jury, find the defendant guilty as charged in the indictment, and we further find the value of the goods obtained to be thirty-three dollars."

The defendant then moved an arrest of judgment, "on the ground that the representations were made at different times and goods received on different days, making two separate and distinct transactions; that each was a misdemeanor, and not susceptible of being joined so as to make a felony, and if this is no good ground for arrest of judgment, then the defendant urges the above state of facts, on a motion for a new trial."

The court overruled the motion, and the defendant excepted.

No counsel for the appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. No election of offences in this case could be made. The crime was one, as the transaction was one. The goods were delivered at different times, but were delivered in pursuance of the agreement induced by the false pretense made at the first interview. The repetition of the misrepresentation did not make a new transaction.—2 Bish. Cr. Law, § 356.

2. The motion in arrest of judgment, or for a new trial, was properly disallowed. If the indictment charged that the defendant falsely pretended to have two bales of cotton, and the proof shows he pretended he had three, the conviction was proper.—2 Bish. Crim. Law, § 347, and authorities cited.

4. The fourth charge requested was properly refused. The offence charged in the indictment is punishable as larceny.—Code, § 4370. It may be punished as grand or petit larceny, according to the value of the property obtained. A person indicted for grand, may be convicted of petit larceny. But the charge asked, directed the jury to acquit if they should find the property obtained to be of less value than

twenty-five dollars. Moreover, there was no conflict of testimony as to the value of the goods, nor any that they were of less value than was averred in the indictment. The charge was abstract, and was properly refused.

The fifth charge is subject to the same objection.

STONE, J.—We find no error in this record. There are not two false pretences proved. The testimony is that the same pretence was twice repeated on different days, and that on such pretence the defendant obtained merchandise on each of the days. This is but one transaction, and not a case for election.—2 Bish. Cr. law § 356.

Neither is there any material variance between the charge in the indictment and in the proof. The charge is that he falsely pretended that he had two bales of cotton. The proof was that he said he had "two bales of cotton out, and in a house at home, and one in the field." It might be true that he had the one bale in the field, and did not have the two bales "out and in a house." In such case, the pretence as to the two bales would be alone false. It is not material to aver all the pretences made, or to prove all that is averred, if those charged and proved are intended and calculated to deceive and defraud, and on the strength of them, or any one of them, the valuable commodity or thing is obtained.—2 Bish. Cr. law § 347.

This case is unlike that of *O'Connor v. The State*, (30 Ala. 9). In that case a single pretence was charged, to-wit: "that he had in Macon, Georgia, the sum of seven thousand dollars." A witness swore that the representation made by the prisoner was "that he had seven dollars less than seven thousand in the hands of a friend at Macon, Georgia." There was a single representation, made of a single, inseparable fact, and there was proof of a single representation, and they were variant, according to the testimony of this witness. In this case a single pretence is charged and averred to be false, namely, that he had two bales of cotton. The proof was that he made a double and separable representation, namely, that he had two bales of cotton out and in a house, and one in the field. The falsity and fraudulent purpose, if proved, of either of these pretences would make that feature of the charge. The proof showed a representation of two separable facts, either one of which might constitute that element of the offence. One might be false and one true. The falsity of every pretence made is not always necessary to a conviction. If it were, every malefactor could escape conviction

[Durr v. The State.]

by blending some truth with his false pretences. It is enough if a material part of the pretence be false, that it be made with intent to defraud, and that it induces the person sought to be wronged to part with his money, or other valuable thing, on the strength of such representation. In this case the testimony tends to show there was a large part of a bale in the field, and that may be the reason why that part of the pretence was not charged to be false. Whether a material representation was falsely made, as of a fact; whether it was made with intent to defraud; whether in consequence of such representation, and relying on it, the owner was induced to part with the alleged thing of value, are all inquiries for the jury, under proper instructions, on the solution of which the conviction or acquittal of the accused depends. These being affirmatively proved, a conviction should follow, irrespective of other representations made, whether true or false, unless those other representations were the moving inducement to part with the valuable thing; in which case they should be charged and proved.

If the goods obtained be of value less than twenty-five dollars, this would only reduce the offence to a misdemeanor, and would not justify an acquittal.—Code of 1876, §§ 4370, 4356-7. Besides, there does not appear to have been any testimony tending to show the goods obtained were less in value than $33, and the verdict of the jury ascertained the same value. This charge, as asked, appears to have been abstract.

Affirmed.