162 So. 412

### DRINKARD v. STATE.
### 8 Div. 184.

Court of Appeals of Alabama.

June 25, 1935.

SAMFORD, Judge.

■ The evidence for the state tended to prove the charge as laid in the indictment. After this evidence was all in, the state was allowed to prove, over timely objection and exception, that about the time this still was raided, and in a conversation with one Oden, defendant had said: "If Self (Deputy Sheriff) did not stay out of the woods up there he was going to fill him full of shots." This as an admission of guilt was too remote to be admissible in evidence. There was nothing to connect this remark, which was described as being in a casual conversation between Oden and defendant, with the possession of the still or even to show that the still found was in the woods referred to.

Refused charge 5 states a correct proposition of law, but was covered by the oral charge of the court.

There was no evidence in the case tending to prove that the defendant, while elsewhere, aided or abetted in the commission of the offense. Under the evidence, the defendant was either present at the still and actively engaged in possessory acts or he was absent and had nothing to do with it. The court in his general charge went outside the evidence and charged the jury that the defendant might be elsewhere and yet, if he aided or abetted in the crime, he would be guilty. This as an abstract proposition of law was correct, but it had no place in this trial. In undertaking to meet this phase of the charge, the defendant requested the court to give the following written charge: "I charge you there is no evidence before you that defendant while absent from the still aided or abetted another who was in possession of the still." This charge should have been given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.