171 So. 893·

## ROSS v. WASHINGTON.

### 3 Div. 194.

Supreme Court of Alabama.

Jan. 7, 1937.

Blakey, Blakey & Levin and Thos. E. Martin, all of Montgomery for appellee.

Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

294

ANDERSON, Chief Justice.

■ It is well settled by the decisions of this court that upon the contest of a will upon the ground of undue influence the quo modo need not be set out, yet it is necessary to name the person or persons who exerted the undue influence. Daggett v. Boomer, 210 Ala. 673, 99 So. 181, and cases there cited. In fact, the trial court seems to have recognized this well-settled principle by sustaining the demurrer to those grounds of contest that did not conform therewith.

■ The trial court erred in giving contestant's charge Z. It did not conform to the law or the issues presented by the pleading. True, the Daggett Case, supra, was reversed because of a failure of the trial court to sustain the demurrer to the contest, but the court also considered and discussed certain charges given the contestant and pointed out that they possessed the same defect as charge Z in the present case. See charges 3 and 9 given for the contestant in the said Daggett Case.

■ Charge X, given for the contestant, could have well been refused as singling out and giving undue prominence to a part of the evidence. Moreover, we think the trial court erred in refusing the proponents requested charge 7. The contest as finally amended and submitted to the jury charged the fraud or undue influence to Elizabeth Drake, yet the proof failed to establish the charge as to her.. Indeed, counsel for the appellee in brief, in effect, concede that the charge as to undue influence was not established. Quoting from brief: "The only real question that the jury considered or could have considered was whether or not the testator possessed said testamentary capacity." We agree that that was the only question that should have been considered, but cannot agree that it was the only question considered by the jury, as the trial court permitted the question of undue influence to go to the jury and there was a general verdict finding for the contestant on the issues presented. Had the verdict been confined to the want of testamentary capacity, we could, of course, apply the doctrine of error without injury as to instructions relating to the charge of undue influence.

■■ There was a conflict in the evidence as to. the mental capacity of the testator when the will was made and previous thereto and whether or not such incapacity was permanent or chronic. The rule seems to be settled that when permanent disease of the mind is established, the burden is on the contestee to show that the act involved was during a rational or lucid period of the mind and the contestant's given charge 3 asserts a correct legal proposition. It could have more properly used the words "reasonably satisfy you from the evidence." But, appearing as it does, it was at most misleading and could have been easily explained or qualified by a counter charge. It could have probably been refused without reversible error, but it was not reversible error to give same. The two cases relied on by appellant's counsel do not hold that the giving of such a charge was reversible error. In the case of Lockridge v. Brown, 184 Ala. 106, 63 So. 524, charges 30 and 32 were refused by the trial court and the refusal was justified upon several grounds, one of which was that it used the word "show" which was probably a stronger term than "reasonably satisfy." In the case of Southern Express Co. v. Roseman, 206 Ala. 681, 91 So. 612, exception seems to have been taken to the use of the word "prove" in the oral charge of the court. The opinion did discuss the word "prove" and stated that it required a higher degree than to reasonably satisfy, but the real holding was that it was merely misleading and an explanatory request should have been made, and, as none was made, the party excepting could not complain.

For the errors heretofore pointed out, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.