182 So. 404

## JONES v. STATE.

5 Div. 252.

Supreme Court of Alabama.

June 17, 1937.

Rehearing Granted Jan. 20, 1938.

Further Rehearing Denied April 21, 1938.

Lawrence F. Gerald, of Clanton, and Hill, Hill, Whiting & Rives, Ballard & Ballard, and Rushton, Crenshaw & Rushton, all of Montgomery, for petitioner.

32

A. A. Carmichael, Atty. Gen., for the State.

FOSTER, Justice.

The opinion of the Court of Appeals shows that the indictment contained counts for obtaining property under false pretense under section 4131, Code, and others for obtaining the signature of a person named to a written instrument by false pretense under section 4135, Code.

Petitioner here urges that the several counts were insufficient because the pretense alleged was not sufficient to induce such action, and that it was not the statement of an existing fact or one which previously occurred, but was the expression of a conclusion; and that the counts charging that he obtained property by false pretense are not sufficient because they allege that the property consisted of stock certificates for shares in a corporation, whereas it is urged that it is the share and not the certificate which is personal property, mentioned in section 4131, Code. The form of indictment in this respect is set out in the opinion of the Court of Appeals, and will be inserted in the report of this case.

The Court of Appeals properly answered the first contention, to the effect that the pretense is not sufficient as an inducement for obtaining the stock certificates by quoting from Meek v. State, 117 Ala. 116, 23 So. 155, in substance, that the court will not determine on demurrer whether the alleged pretense was a sufficient inducement when the other requirements exist, except to determine whether such alleged pretense appears on its face to have been frivolous, and, therefore, incapable of thus inducing one to part with his property. In other cases it is said that the indictment must show that the alleged pretense is not immaterial as an inducement, but it need not be the sole or even the decisive inducement. Woodbury v. State, 69 Ala. 242, 44 Am.Rep. 515; Beasley v. State, 59 Ala. 20; 25 Corpus Juris 601, § 28.

Taking the pretense as a whole, we cannot say that it was immaterial or frivolous, in connection with circumstances not necessary to be alleged but which may be proven.

Those cases also sustain petitioner's statement of the rule of law that the representation must not be merely the expression of an opinion then entertained by the defendant, but must relate to an existing fact or one which has theretofore occurred.

Assuming that his advice to Dean to sell his stock was not such a pretense as would justify Dean in claiming that he was defrauded, yet when he tells Mrs. Mitchell as an inducement to her, that he did advise Dean to sell, he was not expressing an opinion to her, but relating an alleged occurrence with Dean, as a fact not an opinion. He did so advise Dean in fact, or he did not, prior to the time he was dealing with Mrs. Mitchell. And following such advice, Dean either sold his stock or he did not, and this was done after or following the advice to him by defendant or it was not; all as facts not conclusions. We agree with the holding of the Court of Appeals as to those contentions.

With reference to the contention that certificates of stock are not property, we cannot agree with petitioner. We are not unmindful of our cases holding that it is the share of stock, and not the certificate which is the property right subject to levy and sale under execution. Oden v. Vaughn, 204 Ala. 445 (12), 85 So. 779; Section 7820, Code; Acts 1931, p. 565. But certificates are evidence of the ownership of shares and are valuable for that purpose and as a satisfactory method by which their ownership may be conveyed. Acts 1931, p. 565; Davis v. Wachter, 224 Ala. 306, 140 So. 361; McGowin v. Dickson, 182 Ala. 161, 62 So. 685; Richards v. Montgomery, 230 Ala. 307, 160 So. 706.

A transfer of such certificate will pass the ownership of the shares. Acts 1931, p. 565. In that respect they are of more value than the possession and transfer of deeds to real property. Subdivision 3 of section 2 of the Code (as amended by Laws 1927, p. 716) describes personal property

as including "evidence of debt, deeds and conveyances." So that mortgages are held to be the subject of larceny as personal property. Shannon v. Simms, 146 Ala. 673, 40 So. 574.

And since choses in action are subject to garnishment to collect debts, though not to, levy under execution, section 7806, subdivision (2), Code, a transfer of a note, evidencing a chose in action, made to defraud creditors, it was held, may be set aside as the sale of goods and chattels, because such note is personal property. Hall & Farley v. Ala. Term. & Imp. Co., 143 Ala. 464, 39; So. 285, 2 L.R.A.,N.S., 130, 5 Ann.Cas. 363. And it has been held, as pointed out in Hicks v. Meadows, 193 Ala. 246, at page 256, 69 So. 432, that detinue will lie for all such personal property as money, notes, and mortgages, bank checks, deeds, and in that case an unindorsed certificate of deposit on a bank; and in Minge v. Clark, 193 Ala. 447, 69 So. 421, a detinue suit for certificates of stock in a corporation was sustained.

The larceny statute expresses personal property. Sections 4905, 4906, Code. But notes, mortgages, and deeds are personal property under subdivision 3 of section 2, Code, as amended, and the subject of larceny, as we have shown. For like reason a certificate of stock in a corporation is personalty representing the share itself, and the only tangible evidence of its ownership except as shown on the books of the corporation. See, 25 Corpus Juris 606, 607, § 35.

We here call attention to the Act of 1931, supra, known as the Uniform Stock Transfer Act. By section 13 (page 568) a levy cannot be made on stock in a corporation until the certificate is seized, and to secure it equitable process is available. If any question ever existed as to whether stock certificates are valuable property rights, that act seems to put it completely at rest. Under it, litigation as to the certificates is available as to other personal property, and they are treated in many respects as negotiable paper.

: Petitioner also insists that the opinion of the Court of Appeals shows that the evidence only supports counts 1, 2, and 3, and that while the opinion does not affirmatively refer to the fact that the affirmative charge was asked and refused as to the other counts, such was the state of the record, but the opinion is consistent with that contention.

 The opinion shows counts 4, 5, and 7 were not supported by evidence sufficient to justify a verdict of guilty. Our cases hold that, when the affirmative charge as to such count is refused, and there is a general verdict of guilty, though some of the counts are supported by some aspects of the evidence, the denial of the affirmative charge as to other counts is reversible error. Hawes v. State, 216 Ala. 151, 112 So. 761; Ross v. Washington, 233 Ala. 292, 171 So. 893.

As we understand the opinion of the Court of Appeals, that is the state of this record. If so, there was error in refusing the affirmative charge as to counts 4, 5, and 7, leading to a reversal.

The application for rehearing is therefore granted, and this opinion is substituted for the former one, and the writ is awarded, and judgment of the Court of Appeals is reversed and the cause remanded to that court for further consideration.

Application for rehearing granted. Writ awarded; reversed and remanded.

All the Justices concur.