31 So.2d 514

## JACKSON v. STATE.

### 3 Div. 880.

Court of Appeals of Alabama.
Feb. 25, 1947.

Rehearing Denied March 18, 1947.

[3] 32 Ala.App. 134.

Bernard Lobman and Walter J. Knabe, both of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried in the court below under an indictment containing two counts, (1) grand larceny, (2) embezzlement. There was a general verdict of the jury, finding the defendant guilty as charged.

■■ Both counts of the indictment meet all the requirements of the authorities, and the court properly overruled demurrers thereto. Title 15, Sec. 259, Form 66, Code 1940; Marshal v. State, 18 Ala. App. 483, 93 So. 236; Title 14, Sec. 126, Code 1940; Wall v. State, 2 Ala.App. 157, 56 So. 57.

The prosecuting witness testified that she addressed an envelope to her daughters, who resided in a distant city. In the enclosure she placed a letter and five ten-dollar bills. After informing the appellant of its contents, she requested him to mail the letter in the local post office. One of the daughters to whom the mail was addressed testified that she received the parcel with the letter enclosed, but the money was not contained therein; that she forthwith informed her mother of this fact by long-distance telephone.

The defendant, while testifying in his own behalf, admitted that he mailed the envelope as requested, but denied he took the money therefrom.

The general affirmative charge as to each count of the indictment was refused to the appellant.

Was this error as to the count charging larceny?

■■ Because of the factual issues involved it sometimes becomes difficult to distinguish between the three kindred crimes: larceny, embezzlement, and false pretense. The Massachusetts Supreme Court in Commonwealth v. Barry, 124 Mass. 325, makes this distinction: "If a person honestly receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use, he may be guilty of the crime of embezzlement, but cannot be of that of larceny, except as embezzlement is by statute made larceny. If the possession of such property is obtained by fraud, and the owner of it intends to part with his title as well as his possession, the offense is that of obtaining property by false pretenses, provided the means by which they are acquired are such as, in law, are false pretenses. If the possession is fraudently obtained, with intent on the part of the person obtaining it, at the time he receives it, to convert the same to his own use, and the person parting with it intends part with his possession merely, and not with his title to the property, the offense is larceny." See also Murchison v. State, Ala.App., 26 So.2d 622;[1] 11 A.L.R., Annotation, p. 801; Holbrook v. State, 107 Ala. 154, 18 So. 109, 54 Am.St. Rep. 65.

We will review some adjudicated cases that bear facts which are in many respects analogous to those in the instant case.

Washington v. State, 106 Ala. 58, 17 So. 546. The court held that one who is employed to haul coal from railroad cars and to deliver it to a designated place, and who has no other possession of the coal, is guilty of larceny if he sells a part of it with felonious intent and without the consent of the owner.

Crocheron v. State, 86 Ala. 64, 5 So. 649, 11 Am.St.Rep. 18. The owner intrusted the defendant, a hired man, with a mule to plow. The employee was charged with the duty to feed and water the animal. On the day in question he carried the mule to water, but, instead of bringing it back to the barn, delivered it to another person. The court held that the servant may be guilty of larceny by the fraudulent conversion of the mule to his own use.

Barney v. State, 5 Ala.App. 302, 57 So. 598. This court held that the charge of larceny was properly submitted to the jury under the following state of facts: The defendant was employed as a driver for a livery stable. In line with his employment he carried a Mr. Kitchens from Ashland to Lineville. Upon their arrival at Lineville, Mr. Kitchens handed the driver an overcoat with instruction that the latter deliver same to the former's home. The coat was not delivered as directed, nor did the owner ever recover it.

Holbrook v. State, 107 Ala. 154, 18 So. 109, 54 Am.St.Rep. 65. The accused was employed by a Mr. Wigginton to carry him by conveyance to the depot. Upon

---

[1] 32 Ala.App. 427.

arrival at the station, Mr. Wigginton left a quilt with the driver, with instruction that it be returned to the former's home, with which request the defendant agreed to comply. Instead, however, he carried the quilt to a store and traded it for an amount much less than its value. Upon the basis of these facts, the court held that a larceny charge was properly hypothecated. See also Brown v. State, 30 Ala.App. 27, 200 So. 630; Rosenblum v. State, 19 Ala.App. 442, 98 So. 216.

■ These authorities and others we have considered leave us without doubt that the essential element of intent—the animus furandi—was properly submitted to the jury, and the evidence in its entirety made inapt the general affirmative charge as to the larceny count of the indictment. Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17; Talbert v. State, 121 Ala. 33, 25 So. 690; May v. State, 16 Ala. App. 541, 79 So. 677; Lacey v. State, 13 Ala. App. 212, 68 So. 706.

■ The Assistant Attorney General in able brief insists that a general verdict is referable to the count in the indictment that the proof sustains. If we should adhere to this position, it would not be required that we consider the questions as they relate to the second count. However, the rule urged does not have application if, as in the instant case, the general affirmative was requested as to each count of the indictment. A contrary view would deprive the appellant of a substantial right of review. Jones v. State, 236 Ala. 30, 182 So. 404; Hawes v. State, 216 Ala. 151, 112 So. 761; Brasher v. State, 21 Ala.App. 309, 107 So. 727.

We pass now to a consideration of the question of whether or not the court erred in refusing the general affirmative charge as to the embezzlement count. The count is based on Title 14, Sec. 126, 1945 Cumulative Pocket Part, Code 1940. It provides: "Any officer, agent, clerk, employee or servant of any incorporated company, association of persons, partnership, or municipal corporation, or agent, clerk, employee, servant, or apprentice, of any private person or persons, who embezzles or fraudulently converts to his own use, or the use of another, or fraudulently secretes with intent to convert to his own use, or the use of another, any money or property which has come into his possession by virtue of his office, agency, employment, or apprenticeship, shall be punished, on conviction, as if he had stolen it."

This section first appeared in Code 1852, Sec. 3143. With slight addenda it has been carried in each subsequently adopted code. The Legislature of 1945 added some descriptive words, among them "employee", which is included in the part of the section with which we are now concerned. These additions indicate an intention and purpose on the part of the lawmaking bodies to make the section more illustrative, specific and inclusive.

It is at once apparent that in finding a correct answer to the instant inquiry, much will depend on the construction to be placed on the proper use and meaning of the word "agent" found in the provision quoted above.

As one guide we will take a statement from the testimony of the defendant: "I goes and gets the letter. I told her I would mail the letter when I came back from the store. She told me the letter contained fifty dollars, five ten-dollar bills, and she wanted me to drop them in the mail. I told her I wouldn't drop a letter in the box, I would register it. She didn't want it registered, she wanted it dropped in the mail box; I told her no, to register it, she would have a receipt, that I had sent letters and registered them. She asked me what it cost. And I went on and took the milk home, and I returned and got the mail and went to town, and when I went to register the letter, the envelope didn't fill clean out to the end, and the lady told me if I was going to register that letter, she told me that she couldn't register that letter, because the whole seal, the end of the letter at each end did not seal all the way down, and I goes across the street, she wanted the letter to go off that night, and I took it, and went across the street and got an envelope, I went in to Mr. Hill's and he told me he didn't have any envelopes, nothing but those with Hill Grocery right on it, and there was a lady working at the store gave

me an envelope, and I addressed that envelope just as she had it addressed, and I went to the lady and the lady gave me, and I paid her the money, and I gave her a five-dollar bill and she gave me the change back out of it, and I went on and mailed it, and I didn't know any more about it."

In construing the instant section in its original form Sec. 3143, Code 1852, the Supreme Court observed in Hinderer v. State, 38 Ala. 415: "Agent, in the sense here employed, means, 'One who is authorized to act for another; a substitute; a deputy; a factor.'"

█ In Pullam v. State, 78 Ala. 31, 56 Am.Rep. 21, the Supreme Court had under consideration a judgment of conviction for embezzlement as declared and defined by Sec. 4377, Code 1876, now Sec. 126, Title 14, supra. In the body of the opinion we find: "While the term 'agent' has a wide application; and comprehends many classes of persons, who are specially designated otherwise, it is not employed in the section with this large signification. As used in the statute, it is to be construed in its popular sense; meaning 'one who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it;' a substitute. 1 Bouv.Law Dict. 135; Hinderer v. The State, 38 Ala. 415. Agent, as employed in this section, imports a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal—an employment by virtue of which the money or property came into his possession. The employment need not be permanent. It may be temporary, or occasional; and general, to transact any business; or special, to make a single transaction." See also 29 C.J.S., Embezzlement, Sec. 15, p. 691.

To constitute one an agent, as applied to the embezzlement statute, compensation for the service is not an essential requirement. 29 C.J.S., Embezzlement, Sec. 15(c), p. 693.

█ "The word 'embezzles,' used in the statute, is one having a technical meaning, and that meaning suggests the character and scope of the proof required to sustain the charge. It involves two general ingred-

ients or elements: First, a breach of duty or trust in respect of money, property, or effects in the party's possession belonging to another; secondly, the wrongful or fraudulent appropriation thereof to his own use. There must be the actual and lawful possession or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused, and, while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof." Reeves v. State, 95 Ala. 31, 11 So. 158, 162. See also Wall v. State, supra.

In the case of Eggleston v. State, 129 Ala. 80, 30 So. 582, 87 Am.St.Rep. 17, the accused was intrusted with some money to have it changed for the owner. Out of the amount the former was to receive pay for some watermelons that he had sold to the latter. The court held that the defendant was an agent within the meaning of Sec. 4659, Code 1896, now Sec. 126, Title 14, supra.

The case of Knight v. State, 152 Ala. 56, 44 So. 585, brought the same section before the court for construction. The judgment of the lower court was reversed because of failure of proof of venue, but the opinion clearly indicates that a person is an agent within the purview of the statute if he takes possession of another's money for the purpose, under an agreement, of carrying the funds to the bank for the owner's deposit. See also Golden v. State, 22 Tex.App. 1, 2 S.W. 531.

It is urged in brief of counsel for appellant that the accused was none other than a gratuitous bailee and the indictment should have been framed for a violation of Title 14, Sec. 133, Code 1940. We will not decide whether or not a bailee could be charged under Title 14, Sec. 126, supra.

█ We rest our decision of the matter now being considered on the hypothesis that the evidence was sufficient to submit the question vel non of agency to the jury. The count, therefore, was declared under the appropriate statute. It is our view that the evidence made proper the refusal of the affirmative charge as to count two.

When the trial judge had concluded his oral charge, appellant's counsel stated: "We object to that portion of the charge in which you said the jury would not have to elect between the two charges. Also that there are only two forms of verdict, Guilty and Not guilty."

■ This court has held that an objection to a certain part of the oral charge is not equivalent to an exception. Horn v. State, 23 Ala.App. 273, 124 So. 125.

We quote from the record:

"The Court: I take back my ruling in the civil suit. I think I am wrong in that ruling. I think I will let you ask the question.

"Mr. Knabe: I object, of course.

"The Solicitor: Did you testify in the civil suit? A. No, sir.

"Mr. Knabe: We reserve an exception."

■ Counsel argues that error should be predicated on the ruling above indicated. It is very doubtful that any question is properly presented for review. Be this as it may, the negative reply gave no information that could in any way inure to appellant's harm. Minto v. State, 8 Ala.App. 306, 62 So. 376; Edmonds v. State, 16 Ala. App. 157, 75 So. 873.

■ During his argument to the jury, the solicitor made this statement: "From the evidence in this case, he (the defendant) is a damned thief." Counsel objected to the statement and moved the court for a new trial. The judge excluded the statement but denied the motion. The solicitor then stated: "I will exclude the 'damned.'"

We, of course, cannot give our approval to the use of the word "damned" as it was here employed. Such expressions certainly do not add to the order and dignity of trial procedure. The experienced solicitor realized this and voluntarily withdrew the objectionable expression. The court acted properly in sustaining the objection and excluding the assertion. We are not of the opinion that the incident was of such injurious effect that we should charge error.

■ We have attempted to set out the tendencies of the evidence somewhat in detail. Under the facts disclosed by the record, it would be contrary to our province and out of harmony with the authorities for us to hold that the court was in error in overruling the motion for a new trial. Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; Addington v. State, 16 Ala.App. 10, 74 So. 846.

We have treated all questions which appear to us to be worthy of comment.

The judgment of the lower court is ordered affirmed.

Affirmed.