31 So.2d 664

## WHATLEY v. STATE.

### 4 Div. 458.

Supreme Court of Alabama.

June 30, 1947.

E. W. Norton, of Clayton, for petitioner.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.

BROWN, Justice.

The defendant was indicted in the Circuit Court of Barbour County for obtaining money under false pretense. The indictment contained two counts, the first of which charges:

"The Grand Jury of said County charge that before the finding of this indictment that Grady Whatley did falsely pretend to B. I. Jackson, with intent to defraud, that a certain check, in words and figures as follows:

" 'Clayton, Ala.     9–22–1945     No. 224

" 'Clayton Banking Company   Pay to the order of Grady Whatley $300.00    Three Hundred and no/100 Dollars

" 'F. B. Pierce.' "

the check being indorsed in ink 'Down payment on building house as per contract,' would be honored or paid, upon due presentation, by the Clayton Banking Company, the *said Grady Whatley at the time having no bona fide belief that such check would be honored or paid*, upon due presentation, by said Clayton Banking Company, and by means of such false pretense, obtained from the said B. I. Jackson three hundred dollars." [Italics supplied.]

The second count is in substance the same as the first. The defendant demurred to each of these counts separately.

The demurrer to the indictment was overruled and on the trial petitioner was convicted and sentenced to the penitentiary for a term of two years. From the judgment of conviction he appealed to the court of appeals where the judgment was affirmed. After application for rehearing duly made was overruled, he seeks review here by certiorari.

The facts shown by the evidence upon which the defendant was convicted are stated in the opinion of the court of appeals and are here set out:

"F. B. Pierce and the appellant in this case entered into a contract on 22 September 1945 pertaining to the construction of a house for Pierce by appellant. According to the contract 'the agreed price for completed job is $2200.00, of which $300.00 is being paid this date and $800.00 (eight hundred) to be paid when all material is delivered on said lot, the balance of the amount to be paid when job is completed.'

"On that same day Pierce gave the appellant a check for $300, drawn on Clayton Banking Company, Clayton, Alabama, and payable to the appellant, Grady Whatley. Indorsed on the face of the check was the following 'Down payment on building house as per contract.'

"At the trial below Pierce testified that at the time he delivered the check to appellant the appellant agreed not to cash the check until Pierce was satisfied that $300 worth of work had been done toward building the house, that the check would be turned into 'the company' at Troy and held with the contract until Pierce was satisfied, and then it would be presented for payment. The appellant denied any such agreement.

"On the day he received the check the appellant took it to the Clio Merchants Exchange, at Clio, Alabama, where it was cashed by B. I. Jackson, Manager of said Exchange.

"The contract and check were executed, and the check was cashed on Saturday.

"On the following Monday Pierce notified the Clayton Banking Company not to cash the check when presented, and payment was refused when the check was presented by the Clio Merchants Exchange.

"Mr. Jackson, the Manager of the Clio Merchants Exchange, testified that he had

cashed the check when it was presented to him by the appellant and that he had never been repaid the $300 he gave appellant on the check."

The court of appeals in affirming the sufficiency of the indictment treated as surplusage the sentence above italicized and quoted from Young v. State, 155 Ala. 145, 46 So. 580, the holding that to constitute false pretense under the statute there must be a fraudulent representation by the accused as to an existing or past fact, who knows it not to be true, such as to induce the person to whom it is made to part with something of value. To the same effect, see Jones v. State, 236 Ala. 30, 182 So. 404.

██ Applying the law as stated to the indictment, it is wholly insufficient in that the alleged false pretense was in respect to a future event to occur upon future action to be taken "upon due presentation * * * such check would be honored or paid" by Clayton Banking Company.

We are of opinion, therefore, that the circuit court committed reversible error in overruling the demurrer to the indictment. The evidence stated by the court of appeals shows that the defendant made no representations to Jackson but merely presented a valid negotiable instrument in due course duly indorsed by the payee who received the money for which the instrument called and its nonpayment was in consequence of the subsequent act of Pierce, the drawer, stopping the payment of the check at the bank on which it was drawn.

In affirming the judgment of the lower court the court of appeals cited and relied on Eaton v. State, 16 Ala.App. 405, 78 So. 321, 322, a case in which the defendant drew a check on a bank in which he was not a depositor in payment of goods which he then received, in which the court held:

"The giving of the check, if given without an explanation to the contrary, was in and of itself a representation, symbol, or token that the defendant had money on deposit in the bank on which the check was drawn, and if this check was given with the intent to deceive the seller of the goods in this case, and he was thereby induced to part with the title to his property, and the symbol or token was false, and the

seller was thereby deceived, the defendant · was guilty."

The above case does not support the holding of the court of appeals in this case. The evidence shows that the petitioner did not violate the law in indorsing and collecting the said check.

██ It is familiar law that the mere expression of an opinion is not such representation as.to be the basis of the charge of obtaining money by false pretense. Jones v. State, 236 Ala. 30, 182 So. 404; Woodbury v. State, 69 Ala. 242, 44 Am.Rep. 515; Beasley v. State, 59 Ala. 20.

If, however, the opinion so expressed was falsely made, and is not then honestly entertained, but was fraudulently expressed with the intent to deceive and actually does deceive, it is sufficient to constitute fraud. Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Montgomery Southern Ry. Co. v. Matthews, 77 Ala. 357, 54 Am.Rep. 60; Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 So. 1015. The principle stated, however, is not applicable under the indictment in this case nor the proof.

The judgment of the court of appeals and that of the circuit court of Barbour County are reversed and judgment will be here rendered discharging the defendant.

Reversed and rendered.

All the Justices concur, except GARDNER, C. J., who dissents.

GARDNER, Chief Justice (dissenting).

I am unable to see where either the matter of a future promise or that of the expression of an opinion are relevant to the situation here presented.

If witness Pierce is to be believed and the jury evidently did so), the check given defendant Whatley was not to be presently presented, but preserved with the contract in an office at Troy and used only upon well understood conditions. But the check was a negotiable instrument and to a third party was presently payable. When, therefore, Whatley had Jackson to cash the check it was upon presentation of a negotiable instrument, to which of course were attached no conditions of presentation. Whatley said nothing, but he concealed from Jack-

son the conditional agreement he had with Pierce. There was here no promise relating to the future, nor was there any expression of opinion. It was the concealment of an existing fact, known to Whatley and unknown to Jackson, and of consequence the perpetration of a gross fraud. True all of this Whatley denied. But that merely presented a jury question.

I am content with the treatment of the case in the opinion of the Court of Appeals and consider further elaboration unnecessary. The judgment of the trial court was, in my opinion, correctly affirmed and of consequence I must respectfully dissent.