31 So.2d 685

## NELSON v. NELSON.

### 7 Div. 912.

Supreme Court of Alabama.

July 31, 1947.

L. B. Rainey, of Gadsden for appellant.

Roy D. McCord, of Gadsden, for appellee.

GARDNER, Chief Justice.

One J. R. Nelson (plaintiff in this action) was a tenant on a farm in Etowah County owned by one Barnett, with some 53 acres tenable land. He had agreed with Barnett to remain on the place for the year 1941; Barnett to furnish all farming equipment, and the crop to be equally divided. There was a peach orchard on the place consisting of several acres, with the trees of some five years growth. On March 21, 1941, Barnett sold the farm to J. Tom Nelson, appellant here. There is evidence to the effect, however, that on March 13, 1941, the parties had agreed upon the purchase, though the deed was not executed until March 21, 1941.

Plaintiff J. R. Nelson brought this action based upon a breach of contract which he says was first entered into between himself and J. Tom Nelson on March 13, 1941 and afterwards reiterated and ratified on the day said J. Tom Nelson received a deed to the property. Plaintiff insists that the defendant had agreed to assume the arrangement for the year 1941 made between the plaintiff and Barnett and to carry out such contract, that is, that the plaintiff should remain on the place, defendant to furnish all equipment, including tractor, wagon, mule and the like the crops to be equally divided. This division included also a one-half interest in the peach crop. Defendant denied any such rental contract, gave notice to the plaintiff to move off the premises, and in fact instituted ejectment suit against him, which was finally abandoned. Though plaintiff did not move off the premises until January, 1942, yet his testimony is to the effect that defendant forbade him to make a crop or to gather the peaches, or to otherwise exercise any privilege of a tenant farmer.

The evidence as to the fact whether or not a contract of rental was entered into was in very sharp conflict, and was definitely a subject for the jury's final determination. There was verdict and judgment for the plaintiff in the sum of $1,500. But upon motion for a new trial the court considered the judgment excessive to the amount of $300, and a remittitur being entered a judgment for $1,200 was rendered against defendant. From this judgment defendant prosecutes the appeal.

As to the real merits of the case little need be said, as we find in argument of counsel for appellant only two questions upon which stress is laid in brief.

The first is based upon the theory of a variance in that the complaint rests upon the contract of March 13, 1941, when in fact defendant's ownership did not materalize until a few days after, March 21, 1941. In the first place, we do not see that this question of variance was called to the attention of the court on the trial of the cause in the manner provided by Circuit Court Rule 34, Title 7 Appendix, Code 1940. But this aside, plaintiff in fact proved a contract on March 13, 1941, which was fully ratified on March 21, 1941, according to his testimony, the very day defendant acquired legal title. We think it clear enough that there is no merit in this insistence.

The other question argued in brief relates to the excessiveness of the verdict, and presents a somewhat more difficult question. We are persuaded from our study of the record that the trial court was eminently correct in his conclusion that the original verdict was excessive and was based upon too speculative a theory. We are further persuaded that the $300 reduction did not meet the ends of justice in this case. As we view the evidence, conceding the correctness of plaintiff's theory, the defendant landlord has been guilty of only partial eviction of the plaintiff. 36 C.J. 282. Plaintiff remained upon the premises all the year 1941; he and his family occupied the house they were in with Barnett, who has since died, and there they remained; not only so, he rented for three months a small house on the premises and collected the rent therefor. His partial eviction consisted of the refusal by the defendant to let him cultivate the farm and make a crop, and threatened him with prosecution if he interfered with the gathering of the peaches. It is the accepted rule that the measure of damages is the loss plaintiff has proximately sustained by reason of the breach of the

contract, which includes, of course, the difference in the agreed rental and the rental value of the premises, together with other damages which are the direct and proximate result and natural consequence of the breach by the lessor, if such damages can be correctly estimated by reliable data. And, as observed in Prestwood v. Carlton, 162 Ala. 327, 50 So. 254, 262: "There are some cases in which profits constitute not only an element, but are the measure, of damages," as in the instant case there was no stipulated rent, but only agreement to farm "on halves," the question of profits becomes more important. It has been said that when the tenant is prevented from making a crop, the reasonable market value of the crops less the expenses of raising and harvesting them and such sums as he and the dependent members of his family could have earned by engaging in other business are matters to be considered on the question of measure of damages. 36 C.J. 283. The case of Snodgrass v. Reynolds, 79 Ala. 452, 58 Am.Rep. 601, contains an interesting discussion upon the question of recoverable damages in cases of this character.

■ There was no effort on the part of the plaintiff to show any loss of profits in regard to any crop which was to have been planted. The loss of profits is recoverable as an element of damages and may constitute the measure of special damages where the profits are established with reasonable certainty. The evidence to establish prospective profits must be certain and not speculative. 36 C.J. 284; Prestwood v. Carlton, supra; Snodgrass v. Reynolds, supra. We find nothing in the evidence to justify recovery for damages for prospective profits, except in one particular,—there is proof from which the jury could reasonably infer that the peach crop for this year from this orchard would produce on the market $1,000. Of this amount plaintiff would have been entitled to one half, or the sum of $500. Plaintiff also establishes certain number of days work and the amount of fertilizer and seed which he had bought, as well as the loss of some rent for the house on the premises which was destroyed by the defendant, and the one-half of what is referred to as the "Government check," the half of which amounted to $80, to which plaintiff was entitled. True, plaintiff testified he had some children who were able to work, but as we gather from the testimony this work would have gone into the question of making the crop, as to which the record is silent. Plaintiff, according to his own proof, obtained work elsewhere at different times and there is nothing in the record that he could not have obtained more regular employment had he made the effort.

There are instances, as pointed out in 36 C.J. 284, where exemplary damages are recoverable. But there is nothing in this case to justify any punitive damages, and, indeed, none are claimed in the complaint. We think it clear enough that plaintiff must rest upon recovery of compensatory damages only. And our study of the record convinces us that these damages do not exceed, as we read and understand the proof, the sum of $751.

■ Upon a careful review, therefore, of the entire record we are persuaded that any damages in excess of $751 are excessive. A judgment will accordingly be here entered, that unless appellee files a remittitur as provided by law with the clerk of this court within thirty days reducing the judgment of $751, the judgment of the trial court will stand reserved. If, however, such remittitur is duly filed, a judgment for $751 with interest thereon from October 3, 1946, the date of judgment, will stand affirmed. The ten per cent penalty is not to be assessed, and under the judgment here entered the appellee is taxed with the cost of this appeal. The cost as taxed against the defendant in the court below will, of course, stand. Woodward Iron Co. v. Earley, 247 Ala. 556, 25 So.2d 267; Louisville & Nashville R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203.

The judgment will, therefore, be affirmed conditionally as indicated.

Affirmed conditionally.

FOSTER, LAWSON and STAKELY, JJ., concur.