39 So.2d 787

### SIMMONS v. McCLENDON.
### 7 Div. 976.

Court of Appeals of Alabama.
April 5, 1949.

W. T. Starnes, of Pell City, for appellee.

370

CARR, Judge.

The first count of the complaint in this cause is for use and occupation of a tract of land for the years 1944 to 1947 inclusive. Title 31, Sec. 46, Code 1940.

The second count claims damages for a breach of an oral contract incident to a rental agreement for the year 1944 only. Plaintiff contends in this aspect that the defendant agreed to replace the roof of a dwelling house and also to repair a well or cistern, all on the rented property. This was to constitute the entire consideration for use of the lands during the year of 1944.

Without dispute in the evidence the defendant did not make the repairs in either particular. He denied that he agreed to fix the cistern.

There was a general verdict in favor of the landlord for $212.50.

The only questions pressed for our review is the action of the court in refusing to appellant written charges numbered 3 and 4.

The position is taken that count one claims for use and occupancy for the year 1944, during which time there was an oral rental contract; and also for the years 1945, 1946, and 1947, during which latter period the appellant did not occupy the premises.

The proof sustains appellee's claim that there was a contract to rent the property for the year 1944 under the indicated terms. There can be no doubt that the tenant occupied the premises for this period. Without conflict, however, the appellant did not in any manner occupy the property in question during either of the years 1945, 1946 or 1947.

It seems to be settled that a suit for use and occupation under the provisions of Title 31, Sec. 46, Code 1940, is not appropriate if there is a rental contract covering the period for which claim is made. In this event the cause must be in assumpsit based on a breach of the contract. Burgess v. American Mortg. Co. of Scotland, 115 Ala. 468, 22 So. 282.

Count two of the complaint is in assumpsit and by its allegations confines the tenure of the rental period to 1944. This is in accordance with the alleged oral contract.

Clearly there can be no recovery for use and occupation for a period of time in which the tenant did not occupy the property. It follows that the general affirmative charge as to count one of the complaint should have been given as requested by the appellant.

The insistence is made that the action of the court in this particular is error without injury since the general verdict is referable to count two. It is unquestionably true that the latter count is supported by the proof.

The affirmative charge having been tendered as to count one, there is brought into play another rule of equal significance.

"The opinion shows counts 4, 5, and 7 were not supported by evidence sufficient to justify a verdict of guilty. Our cases hold that, when the affirmative charge as to such count is refused, and there is a general verdict of guilty, though some of the counts are supported by some aspects of the evidence, the denial of the affirmative charge as to other counts is reversible error." Jones v. State, 236 Ala. 30, 182 So. 404, 406. See also, Ross v. Washington, 233 Ala. 292, 171 So. 893; Jackson v. State, 33 Ala.App. 42, 31 So.2d 514.

A failure to apply this rule to the case at bar would deprive the appellant of a substantial right of review.

The evidence does not sustain the allegations of count one. For error, therefore, in refusing the affirmative charge as to this count, the judgment of the lower court is ordered reversed and the cause is remanded.

Reversed and remanded.