51 So.2d 268

## CROW v. STATE.

### 7 Div. 123.

Court of Appeals of Alabama.
March 13, 1951.

Walter J. Merrill and Knox, Jones, Woolf & Merrill, all of Anniston, for appellant.

Si Garrett, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This case involves a prosecution for desertion and nonsupport. Title 34, Sec. 90, Code 1940.

The first count of the complaint charges nonsupport of the defendant's wife and the second count charges nonsupport of defendant's minor child.

There was a general verdict of guilt.

The appellant's request for the general affirmative charge as to each count of the complaint was refused. In this state of the record the general verdict cannot be referred to a good count in the complaint. Jones v. State, 236 Ala. 30, 182 So. 404; Ross v. Washington, 233 Ala. 292, 171 So. 893; Jackson v. State, 33 Ala.App. 42, 31

So.2d 514; Moore v. State, ante, p. 95, 44 So.2d 789.

To sustain the allegation under count one of the complaint, the State relied solely on proof that there was a ceremonial marriage between the accused and his alleged wife.

In this aspect the woman in question testified that she and the appellant left Anniston, Alabama and traveled by taxi to some place in the State of Mississippi. At the latter destination they secured a license and were married by a mininster of the gospel. After spending the night together they returned to Anniston. The lady was unable to give the county seat in Mississippi. Neither could she remember the name of the preacher who performed the ceremony.

The accused testified that he did not make the trip to Mississippi, and he denied that he ever entered into a ceremonial marriage with the prosecuting witness. He supported his claim by other evidence.

Without doubt as to this manner of marriage the evidence posed a jury question.

In his oral charge the trial judge instructed the jury that it was authorized to consider the doctrine of common law marriage in addition to the question of ceremonial marriage. The appellant excepted to the portion of the charge relating to the common law marriage instructions, and also requested some written charges in which effort was made to confine the submitted issues solely to the inquiry of whether or not there was a ceremonial marriage.

In the case of DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130, 135, we held that "A defendant is entitled to be tried upon the issues made by the evidence."

In the case of Crane v. State, 111 Ala. 45, 20 So. 590, the Supreme Court held in effect that on a trial for burglary where there is an absence of evidence tending to show a conspiracy a charge to the jury which hypothesizes the existence of such a conspiracy is erroneous.

See also, Drinkard v. State, 26 Ala.App. 475, 162 So. 412; Montgomery v. State, 28 Ala.App. 442, 186 So. 589; Crump v. State, 30 Ala.App. 241, 4 So.2d 188.

The application of this doctrine preserves a very substantial right to one accused of crime.

In the case at bar the prosecution could have been sustained by proof by the required degree of a common law marriage. However, the evidence does not support this theory. The State made no effort to establish the marital relations otherwise than on the evidential basis of a ceremonial marriage.

The trial court fell into error in instructing the jury in that portion to which exceptions were reserved, and the indicated written charges should have been given.

There are other questions presented for our review. In view of our expressed conclusions we will not respond to these.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.