73 So.2d 390

### LEIGEBER et al. v. BOIKE.

#### 6 Div. 845.

Court of Appeals of Alabama.

June 1, 1954.

Bland & Bland, Cullman, for appellants.

592

Robt. A. Sapp and Jas. F. Berry, Cullman, for appellee.

CARR, Presiding Judge.

The complaint in this cause is stated in two counts, count one on account for money due and count two for work and labor done.

Count two, without videlicet, fixes the time to be the "12th day of May, 1952."

There was a judgment below in favor of the plaintiff.

According to the evidence, if the work was performed as claimed, it was in the year 1951 and not in 1952.

Appellants' attorney in brief presses two propositions.

He insists that the general affirmative charge as to count two was improperly refused the defendant, because of the above indicated variance in the allegations and proof.

This variance was not raised either by objections to the evidence or by calling it to the attention of the court when the affirmative charge was requested.

This was a variance that could have been avoided or cured by an amendment to the complaint. Title 7, § 239, Code 1940; Ingalls v. Holleman, 244 Ala. 188, 12 So.2d 751.

Circuit and Inferior Court Rules 34 and 35, Title 7 Appendix, pages 1035 and 1036, provide:

"34. In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence.

"35. Whenever the general charge is requested, predicated upon failure of proof as to time, venue, or any other point not involving a substantive right of recovery or defense, or because of some immaterial omission in the evidence of the plaintiff or defendant, the trial court will not be put in error for refusing said charge, unless it appears upon appeal, that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded. The trial court must permit proof of such omission at any time before the conclusion of the argument, upon such terms as the court may prescribe, not to exceed the cost of the session and a continuance of the case, one or both."

The language of these rules needs no interpretation.

We hold that the failure of the appellants to comply therewith is fatal to their insistence in the matter of instant concern. United Brothers of America & Sisters of True Love v. Kelly, 199 Ala. 678, 75 So. 312; Woodward Iron Co. v. Mumpower, 248 Ala. 502, 28 So.2d 625; Nelson v. Nelson, 249 Ala. 482, 31 So.2d 685; Yarbrough v. Armour & Co., 31 Ala.App. 287, 15 So.2d 281; Louisville & N. R. Co. v. King, ante, p. 182, 67 So.2d 49.

Appellants can find no comfort in the fact that there was a general verdict. Ordinarily a general verdict is referable to a good count in the complaint which the evidence supports. This is not the case when the general charge is requested as to each count. Jones v. State, 236 Ala. 30, 182 So. 404; Ross v. Washington, 233 Ala. 292, 171 So. 893; Jackson v. State, 33 Ala.App. 42, 31 So.2d 514; Simmons v. McClendon, 34 Ala.App. 369, 39 So.2d 787.

The other question presented by assignment of error and argued in brief relates to a ruling of the court during the introduction of the evidence.

The record discloses in this aspect that appellants' attorney did not interpose any objections to the question. The reply was responsive. After answer counsel moved to exclude it. The motion was denied.

Clearly there is no merit in this assignment. Stowers v. State, 21 Ala.App. 501, 109 So. 561; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Jenkins v. State, ante, p. 169, 65 So.2d 822.

The judgment below is ordered affirmed.

Affirmed.